John M. CUDD, Individually and D/B/A
Cudd Hydraulic Co., Appellant,

v.

HYDROSTATIC TRANSMISSION,
INC., Appellee.

No. 13–92–478–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 30, 1993.

Savannah Robinson, Cox & Robinson, Corpus Christi, for appellant.

John S. Warren, LeLaurin & Adams, Corpus Christi, for appellee.

Before SEERDEN, C.J., and KENNEDY, and FEDERICO G. HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

The trial court awarded Hydrostatic Transmission, Inc. summary judgment against John Cudd, individually and d/b/a Cudd Hydraulic Co., on Hydrostatic's suit on an open or sworn account. The summary judgment was based on deemed admissions. By four points of error, Cudd challenges the deeming of the admissions and the consequent grant of summary judgment. We reverse and remand.

The procedural facts are not disputed.[1] Hydrostatic mailed its requests for admissions to Cudd on December 30, 1991. Cudd did not receive the requests until January 8, 1992.[2] Cudd mailed his responses on February 7. Hydrostatic received the responses on February 10. Hydrostatic moved for summary judgment, relying on deemed admissions arising from Cudd's failure to respond timely to the requests for admissions.

At the March 31 hearing on the motion for summary judgment, Cudd contended that the responses were timely based on the delayed arrival of the requests. Cudd alternatively requested withdrawal of the deemed admissions. Hydrostatic opposed the requested withdrawal, contending that the request should have been made in writing and that the withdrawal would unduly prejudice Hydrostatic by forcing it to go to trial. The court apparently determined that the responses were late filed and the admissions deemed, ignored the request for withdrawal, and granted the summary judgment.

In Cudd's first two points of error, he asserts that the court erred in its application of two procedural rules, implicitly contending that the requests for admission should not have been deemed admitted. We overrule both points.

■ By point one, Cudd contends that the court erred in its application of the rule governing methods of service of documents, Texas Rule of Civil Procedure 21a. The relevant portions of that rule provide

(Clause 1) Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.

. . .

(Clause 2) Whenever a party has the right or is required to do some act within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon (him) by mail or by telephonic document transfer, three days shall be added to the prescribed period.

. . .

(Clause 3) Nothing herein shall preclude any party from offering proof that the notice or instrument was not received, or, if service was by mail, that it was not received within three days from the date of

---

1. The parties have not disputed the relevant dates, either here or at the summary judgment hearing. The notice of the request for admissions in the transcript states their date of delivery. The statement of facts for the hearing reveals that Hydrostatic offered the certified return receipt confirming the date Cudd claims he received the requests for admission; the record is not clear whether it was admitted as an exhibit.

Cudd attached exhibits to his response to the motion for summary judgment showing the dates Cudd mailed the responses and Hydrostatic received them.

2. All dates (except the December 30, 1991 date) hereafter are 1992, unless otherwise noted.

deposit in a post office or official depository under the care and custody of the United States Postal Service, and upon so finding, the court may extend the time for taking the action required of such party or granting such other relief as it deems just. TEX.R.CIV.P. 21a (clause designations supplied).

Cudd contends that his responses were timely based on his receipt of the requests on January 8. He contends that, because he received the requests well more than three days after they were mailed on December 30, his response time should have started running from the date of his actual receipt. Thus, he contends, his mailing of the responses on February 7 was timely.

Cudd is correct in his calculations, but incorrect in his assertion of the start date. The rule governing requests for admission provides that:

> [t]he matter is admitted without necessity of a court order unless, within thirty days after *service* of the request, ... or as otherwise agreed by the parties, the party to whom the request is directed serves upon the party requesting the admission a written answer....

TEX.R.CIV.P. 169(1) (emphasis supplied). Under clause 1 of Rule 21a, the time for response began ticking on December 30 when Hydrostatic mailed the requests. Clause 2 of Rule 21a automatically adds three days for mail service to the front end of the 30–day period for response. The 33–day period for response expired before Cudd mailed its responses on February 7.

Cudd's complaint that the time for response should not have begun to run until he actually received the requests is unfounded. The rules do not provide automatic tolling of the start date due to tardy mail service. Clause 3 of Rule 21a allows parties who receive tardy mail service to present such evidence to the court, which may extend the relevant time periods or take other appropriate action. There is no indication in the record that Cudd requested such an extension during the response period. Cudd's failure to request an extension means that its responses were late filed and the admissions properly deemed. We overrule point one.

■ By point two, Cudd contends that the court erred in failing to apply Texas Rule of Civil Procedure 166c which governs stipulations regarding discovery procedure. That rule provides, in part, that "[u]nless the court orders otherwise, the parties may by written agreement ... modify the procedures provided by these rules for other methods of discovery." TEX.R.CIV.P. 166c. Cudd argues that language from Hydrostatic's requests for admissions constitutes a period-altering agreement. Hydrostatic instructed Cudd to "[m]ake a written response, sign the same, swear to it and deliver it to the Attorney of Record for the Plaintiff herein within thirty (30) days after service hereof." Cudd contends that this language somehow alters the trigger date from the date of mailing to the date of receipt. We disagree. The quoted language from Hydrostatic's request speaks of "30 days after service" just as the rules do, and the rules define service by mail as complete upon delivery of the document to the postal service.[3] TEX.R.CIV.P. 21a. The language does not alter the rules. The court correctly considered the admissions deemed. We overrule point two.

By point three, Cudd contends that the court erred in failing to allow the withdrawal of deemed admissions. Cudd requested orally at the summary judgment hearing that the court allow the withdrawal of the deemed admissions as an alternative to granting the motion. Since Cudd made the motion at a hearing and the parties agreed to the facts underlying the motion, we find that Cudd need not have made the motion in writing. *See* TEX.R.CIV.P. 21. The court, while not specifically ruling on the motion for withdrawal, clearly overruled that motion by granting the motion for summary judgment based on the deemed admissions.

■ We will reverse the denial of that motion only for a clear abuse of discretion. *North River Ins. Co. of New Jersey v. Greene,* 824 S.W.2d 697, 700 (Tex.App.—El

---

3. Hydrostatic's requests for admission differ in this respect from Cudd's requests, which demand response within 30 days after *receipt* of the request.

Paso 1992, writ denied); *Texas Employers' Ins. Ass'n v. Bragg,* 670 S.W.2d 712, 715 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The test is whether the court acted without reference to guiding rules or principles, or whether the action was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). There is no indication in the record of what principles the court may have looked to other than the procedural rules and related cases urged at the summary judgment hearing.

■■■ The general principles to which the court should have looked were outlined in *North River* and *Esparza v. Diaz.* *North River,* 824 S.W.2d at 700–01; *Esparza v. Diaz,* 802 S.W.2d 772, 775 (Tex.App.—Houston [14th Dist.] 1990, no writ). These include overriding concerns such as seeking to obtain a just, fair, equitable, and impartial adjudication of the litigants' rights under a liberal construction of the procedural rules and not using those rules as a trap to prevent unwary litigants from presenting the truth to the trier of fact. TEX.R.CIV.P. 1; *Bynum v. Shatto,* 514 S.W.2d 808, 811 (Tex.App.—Corpus Christi 1974, writ ref'd n.r.e.). More specific concerns include considering that the purpose of Rule 169 was to simplify trials and eliminate uncontroverted matters rather than to require a litigant to admit that he has no cause of action. *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950).

The rules of procedure allow the trial court to permit the withdrawal of deemed admissions

> upon a showing of good cause for such withdrawal or amendment if the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby.

TEX.R.CIV.P. 169(2). Since the addition of the "good cause" language to this section in 1988, courts have looked for guidance to cases determining whether to grant a new trial following a default judgment. *Employers Ins. of Wausau v. Halton,* 792 S.W.2d 462, 465 (Tex.App.—Dallas 1990, writ de-

nied). The courts have adapted that standard to define good cause such that the failure to answer was accidental or the result of a mistake, rather than intentional or the result of conscious indifference. *Id.; see also North River,* 824 S.W.2d at 700; *Esparza,* 802 S.W.2d at 776. The El Paso court found that appellant's erroneous calendar · entry which led to a failure to respond to requests for admissions constituted good cause. *North River,* 824 S.W.2d at 701. The court found nothing to indicate that the deadline was intentionally ignored, that counsel had not failed to answer after the error was called to his attention, and that the error was caught before it could delay trial. *Id.* The court found the court's refusal to permit the late filing of answers to be ̇ an abuse of discretion and reversed the judgment. *Id.*

Our case is similar. Cudd's counsel's argument at the hearing illustrates the confusion under which she filed the responses late. Hydrostatic correctly concedes that if the start date were January 8, the response would have been due within 30 days, or by February 7. Hydrostatic errs when it argues that the rule requires Cudd to place its responses in Hydrostatic's *possession* within 30 days, focusing on its February 10 receipt of the responses. Hydrostatic incorrectly argues that Cudd's response is not covered by Rule 21a's provisions relating to service by mail.

■■■ The rule governing requests for admission provides that the requests are deemed admitted unless, within 30 days after service of the request, "the party to whom the request is directed *serves* upon the party requesting the admission a written answer...." TEX.R.CIV.P. 169(1) (emphasis supplied). Clause 1 of Rule 21a provides that service by mail is complete upon placing the document in the mail. Cudd's mailing of its responses on February 7 completed service.

The cases Hydrostatic cites do not support its position regarding Cudd's service of the document. The *Cherry* case focuses on when the time period begins running. *Cherry v. North Am. Lloyds of Texas,* 770 S.W.2d 4, 5 (Tex.App.—Houston [14th Dist.] 1989, writ

denied) (holding that the response period—30 days plus three for mail service—ran from requestor's mailing the requests, rather than requestee's receipt of same). That case does not discuss the requestee's method of service; it merely states that "[p]laintiff served his answers on defendant" more than 33 days after requestor completed service by mail. *Id.* Regardless of the method of service, those responses were served late. The *Shaw* case is less relevant because the strict 30–day response period employed indicates that the requestor did not use mail service. *Shaw v. Nat'l County Mut. Fire Ins. Co.,* 723 S.W.2d 236, 237 (Tex.App.—Houston [1st Dist.] 1986, no writ). In that case, the mail service of responses 33 days after (apparently) non-mail service of the requests was deemed untimely. *Id.*

 Here, the dilemma is due to Cudd's mistaken belief that the running time for responses was automatically delayed by the slow mail service. Had Cudd requested and received a tolling of the running of the response period based on that late arrival, the responses would have been timely served. The responses were served without prompting less than a week late under the unadjusted calendar. There is no indication that allowing the withdrawal of the deemed admissions would have delayed trial, particularly because the responses had been served almost two months before the hearing. Hydrostatic would not have been unduly prejudiced by the withdrawal because it already knew what the substituted responses would be. Hydrostatic would have suffered no prejudice other than having to actually prove its case rather than rely on deemed admissions which were, in most instances, quite different from the actual responses. Withdrawal of the deemed admissions would have let the trier of fact determine the merits of the case rather than having the case turn on a procedural misstep that caused a delay of less than a week. We find that the court's failure to refer to any of the relevant principles in implicitly denying the motion to withdraw the deemed admissions renders its decision arbitrary and unreasonable, and thus an abuse of discretion. Reference to those principles shows that the court should have allowed withdrawal of the deemed admissions. We sustain point three.

 Because the motion for summary judgment was dependent on the erroneously unwithdrawn deemed admissions, we find that the grant of that motion was likewise improper. With Cudd's responses part of the record on consideration of the motion, substantial fact issues exist on some issues, barring total summary judgment. Tex. R.Civ.P. 166a. We sustain point of error four, which complained of the grant of summary judgment.

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.