Kimberly JOHNSON, Appellant,

v.

Philip WEITZNER and Florence Weitzner, Appellees.

No. 09–94–073 CV.

Court of Appeals of Texas, Beaumont.

June 23, 1995.

**164**

Ray McQuary, Houston, for appellant.

Paul M. Gordon, Houston, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from a summary judgment. Philip Weitzner and Florence Weitzner sued Delton Augustine for personal injuries sustained in an automobile accident allegedly caused by Mr. Augustine's negligence. The Weitzners also sued the owner of the vehicle, Kimberly Johnson, for negligent entrustment of the vehicle to Mr. Augustine, Ms. Johnson's estranged husband. Ms. Johnson filed a pro se answer. Still representing herself, Ms. Johnson filed answers to the plaintiffs' requests for admissions. The Weitzners filed a motion for summary judgment based upon deemed admissions. At this point, Ms. Johnson retained counsel, who filed a request for leave to amend the answers to request for admissions. The trial court implicitly denied the request when it granted the summary judgment, awarding Mr. and Mrs. Weitzner $21,407.10 against Ms. Johnson. The plaintiffs nonsuited Mr. Augustine. Ms. Johnson raises three points of error on appeal:

> Point of error one: The trial court erred in granting summary judgment where the summary judgment evidence showed that there were contested issues of material fact.

> Point of error two: The trial court erred in granting summary judgment in that it improperly refused to consider appellant's response to appellees' motion for summary judgment.

> Point of error three: The trial court abused its discretion in deeming appellees' request for admissions on ultimate issues of fact.

The phraseology of the first point of error is typically used where the issue is whether the non-movant's response raised a genuine issue of material fact. Our analysis of the argument presented under this point

of error [1] leads us to conclude that Ms. Johnson is actually asserting that the trial court erred in granting summary judgment because the movants failed to establish their entitlement to summary judgment as a matter of law. *See Anderson v. Gilbert*, 897 S.W.2d 783, 38 Tex.Sup.Ct.J. 622 (May 11, 1995) ("An appellate court should consider the parties' arguments supporting each point of error and not merely the wording of the points.") The appellees implicitly acknowledge the appellant is entitled to a review of the sufficiency of the evidence.

■ A summary judgment is proper only if the movants establish that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c). We review the judgment under the following standards: 1) the movants have the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law; 2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; 3) *every reasonable inference must be indulged in favor of the nonmovant* and any doubts resolved in her favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–549 (Tex.1985).

■ In this case, the motion for summary judgment assumes but does not prove that the requests for admissions were automatically deemed admitted through Ms. Johnson's failure to timely respond thereto. As the appellant mentions in her brief, her responses to the requests for admissions denied liability for the accident. The motion for summary judgment is submitted entirely on the pleadings and requests for admissions with absolutely no supporting affidavits attached to the motion for summary judgment. Thus, we find the requests for admissions were mailed to Ms. Johnson on July 14, 1993; on August 4, 1993, she filed a handwritten response to the requests for admissions with

the county clerk. Although the responses did more than merely admit or deny the requests, the Weitzners did not object to the manner of her response. There is nothing in the record as it appeared to the trial court at the time of the hearing, which reveals whether Ms. Johnson complied with TEX.R.CIV.P. 169 by "serv[ing] upon the party requesting the admission a written answer...." Appellees contend on appeal that Ms. Johnson failed to send their attorney a copy of her responses, but there is no summary judgment *evidence* to support that claim. The face of the record reveals Ms. Johnson filed a response, even if it was defective, and we have no evidence that she did not serve a copy on the plaintiffs. Since this is a summary judgment proceeding, *all* inferences must be made in favor of the *non-movant*. If Ms. Johnson failed to serve her responses on plaintiffs' counsel, the matters contained in the requests would have been automatically admitted, but her default does not absolve the movants of their responsibility to establish the existence of the requisite circumstances. Point of error one is sustained.

■ The third point of error contends the trial court abused its discretion in refusing to allow Ms. Johnson to amend her responses to the requests for admissions. TEX.R.CIV.P. 169(2).[2] In this case, Ms. Johnson's original pro se response was filed with the court within 30 days of their receipt; the record does not reflect if she served her responses on opposing counsel. These responses were deficient in several respects, but the opposing party did not object to them.

This case is similar to *Cudd v. Hydrostatic Transmission, Inc.*, 867 S.W.2d 101 (Tex. App.—Corpus Christi 1993, no writ), where counsel for the defendant/non-movant mistakenly believed the responses were due 30 days from actual receipt of the requests, rather than from the date they were mailed. The Corpus Christi Court of Appeals acknowledged that denial of a motion to withdraw deemed admissions is reviewed on an

---

1. We quote the brief: "The material facts in the case at bar were not established as a matter of law."

2. This motion was filed on September 20, more than seven days before the summary judgment hearing. A separate response to the motion for summary judgment was filed on September 24; it is considered in the second point of error.

abuse of discretion standard. *Id.* at 103. The guiding principles include overriding concerns such as seeking to obtain a just adjudication of the litigants' rights under a liberal construction of the procedural rules. *Id.* at 104. The trial court may permit withdrawal of deemed admissions upon a showing of good cause and if the parties relying upon the admissions will not be unduly prejudiced and if presentation of the merits of the action will be subserved thereby. *Id.* Good cause includes accident or mistake as opposed to intentional conduct or conscious indifference. *Id.* The *Cudd* court found the plaintiff/movant would have suffered no prejudice other than actually having to prove its case rather than rely on deemed admissions which were, in most instances, quite different from the actual responses. *Id.* at 105. The court held that reference to guiding principles shows that the trial court should have allowed withdrawal of the deemed admissions. *Id.*

Assuming Ms. Johnson failed to serve her responses on opposing counsel, the fact that she timely filed her responses with the county clerk demonstrates actual mistake rather than conscious indifference, sufficient to establish good cause to amend the answers. If we infer the responses were served on opposing counsel, the trial court should have permitted an amendment so as to reach the merits of the case rather than decide the case upon a procedural blunder. Point of error three is sustained.

Point of error two urges the trial court erred in refusing to consider appellant's untimely filed response to motion for summary judgment. We hold the appellees failed to establish their right to summary judgment as a matter of law; therefore, no response was necessary to preclude summary judgment. The response was filed with the district clerk's office seven days before the hearing. Unfortunately, the case was before the county civil court at law. The response was filed with the correct clerk five days before the hearing. Counsel attached an affidavit to Ms. Johnson's motion for new trial, in which he admitted he inadvertently filed the response in the wrong office. Leave of court must be obtained in order to file a response within seven days of the hearing. TEX.R.CIV.P. 166a(c). Ms. Johnson did not seek leave of court until after judgment was entered. Point of error two is overruled.

Points of error one and three are sustained. We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.