Jones v. Ikard 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00063-CV







Jerry Frank Jones, as Attorney Ad Litem for Anne Holladay Shires, Amanda Alexandria
Lannon, and Edward R. Lannon III and as Guardian Ad Litem for Amanda Alexandra
Lannon and Edward R. Lannon III; and Harriet ("Hatsy") Heep, Appellants


v.



Frank Ikard, Jr., Attorney Ad Litem for Stahl Frederick Urban and Laura Henderson
Urban, Acting Derivatively on Behalf of the Herman F. Heep Trust No. 1 and the
Herman F. Heep Trust No. 2, Appellee






FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY,


NO. 59,620F, HONORABLE GUY HERMAN, JUDGE PRESIDING







PER CURIAM


 This appeal arises from a summary judgment rendered on one cause of action
asserted as part of a larger probate proceeding. The proceedings generally concerned two trusts
established after the death of Herman Heep. Appellee Frank Ikard, Jr., was appointed attorney
ad litem for Laura Henderson Urban and Stahl Frederick Urban, the minor children of Elizabeth
Urban, one of Herman Heep's three granddaughters. Appellant Harriet ("Hatsy") Heep is another
of Heep's granddaughters. Appellant Jerry Frank Jones was appointed attorney ad litem for Anne
Holladay Shires, Amanda Alexandria Lannon, and Edward R. Lannon III, and guardian ad litem
for Amanda Alexandria Lannon and Edward R. Lannon III, the minor children of Hatsy Heep.

 In the severed phase of the proceedings concerning the trust beneficiaries' claims
of breach of fiduciary duty against the trustee, Ikard filed a counterclaim against Heep for tortious
interference with inheritance rights. Ikard counterclaimed in his capacity as attorney ad litem and
derivatively on behalf of the trusts, alleging that Heep had brought numerous causes of action in
the proceedings and made demands on the trustee without grounds and in bad faith. Ikard served
requests for admission on Heep, following which, in his derivative capacity only, he moved for
a partial summary judgment on the counterclaim. The trial court rendered a partial summary
judgment against Heep and, on Ikard's motion, severed the summary judgment into a separate
cause. Both Jones and Heep assert points of error on appeal. We will reverse the trial court's
judgment.

 In his third point of error, Jones argues that the summary-judgment evidence fails
to demonstrate that the requests for admission sent to Heep were properly deemed admitted. Ikard
moved for summary judgment on his counterclaim against Heep, asserting that, because Heep had
neither answered nor objected to his requests for admission within thirty days of service, the
matters requested were deemed admitted. See Tex. R. Civ. P. 169. The matters allegedly
deemed admitted form the basis for the summary judgment.

 Ikard's summary-judgment evidence consists of his requests for admission and his
affidavit. Ikard states in the affidavit that he sent the requests for admission to Heep on May 28,
1993, and that he received a fax from Heep on June 1 in which she acknowledged receiving the
requests. 

 A summary judgment is proper only if the movant establishes that no genuine issue
of material fact exists and that he is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c). In reviewing a summary judgment, the appellate court must consider as true all evidence
favorable to the non-movant, and indulge every reasonable inference and resolve any doubt in
favor of the non-movant. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985).

 Matters of which an admission is requested are admitted without necessity of a
court order unless, within thirty days after service of the request, the party serves a written
answer or objection on the party requesting the admission. Tex. R. Civ. P. 169. Properly
deemed admissions can constitute summary-judgment proof. Laycox v. Jaroma, Inc., 709 S.W.2d
2, 4 (Tex. App.--Corpus Christi 1986, writ ref'd n.r.e.); see Elkins v. Jones, 613 S.W.2d 533, 534
(Tex. Civ. App.--Austin 1981, no writ).

 Ikard alleges in his summary-judgment motion that Heep failed to answer the
requests for admission, but his summary-judgment evidence does not support the allegation: Ikard
verifies in his affidavit only that Heep received the requests. Although we find no response from
Heep filed of record, nothing in the record as it appeared to the trial court at the time of the
hearing shows that Heep failed to serve answers on Ikard. See Johnson v. Weitzner, 900 S.W.2d
163, 165 (Tex. App.--Beaumont 1995, no writ). To conclude that Heep did not serve answers on
Ikard, we would have to rely on inference rather than direct evidence. The standard for reviewing
a summary judgment requires, however, that we make all inferences in favor of Heep, as non-movant. Nixon, 690 S.W.2d at 548-49. Because the summary-judgment evidence does not prove
that Heep failed to serve her answers on Ikard, we sustain Jones' point of error three.

 In her ninth and tenth points of error, Heep contests the trial court's order severing
the partial summary judgment from the remainder of the cause. Heep filed a combined motion
for new trial and motion to set aside the severance seventy-seven days after the trial court signed
its judgment. Although Heep filed the motion to set aside severance during the period of the trial
court's plenary power, Heep failed to obtain the court's ruling on the motion. She has thereby
waived her contention for review. Tex. R. App. P. 52(a); Moore v. Rotello, 719 S.W.2d 372,
380 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.). We overrule Heep's points of error
nine and ten.

 In light of our disposition of Jones' third point of error, we need not address the
parties' remaining points. (1) Because the summary-judgment evidence fails to establish that the
admissions were properly deemed admitted against Heep, we reverse the trial court's judgment
and remand the cause for further proceedings.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: October 25, 1995

Do Not Publish

1.   Our holding renders it unnecessary to decide whether the trial court's discovery
sanctions apply to Ikard's counterclaim for tortious interference with inheritance rights.


laimed in his capacity as attorney ad litem and
derivatively on behalf of the trusts, alleging that Heep had brought numerous causes of action in
the proceedings and made demands on the trustee without grounds and in bad faith. Ikard served
requests for admission on Heep, following which, in his derivative capacity only, he moved for
a partial summary judgment on the counterclaim. The trial court rendered a partial summary
judgment against Heep and, on Ikard's motion, severed the summary judgment into a separate
cause. Both Jones and Heep assert points of error on appeal. We will reverse the trial court's
judgment.

 In his third point of error, Jones argues that the summary-judgment evidence fails
to demonstrate that the requests for admission sent to Heep were properly deemed admitted. Ikard
moved for summary judgment on his counterclaim against Heep, asserting that, because Heep had
neither answered nor objected to his requests for admission within thirty days of service, the
matters requested were deemed admitted. See Tex. R. Civ. P. 169. The matters allegedly
deemed admitted form the basis for the summary judgment.

 Ikard's summary-judgment evidence consists of his requests for admission and his
affidavit. Ikard states in the affidavit that he sent the requests for admission to Heep on May 28,
1993, and that he received a fax from Heep on June 1 in which she acknowledged receiving the
requests. 

 A summary judgment is proper only if the movant establishes that no genuine issue
of material fact exists and that he is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c). In reviewing a summary judgment, the appellate court must consider as true all evidence
favorable to the non-movant, and indulge every reasonable inference and resolve any doubt in
favor of the non-movant. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49
(Tex. 1985).

 Matters of which an admission is requested are admitted without necessity of a
court order