**Affirmed and Majority and Dissenting Opinions filed November 30, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00965-CV

---

### IN RE SEIZURE OF GAMBLING PROCEEDS

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1226408**

---

## MAJORITY OPINION

Petitioner Worldwide Electronic Games, L.L.C. appeals the summary judgment granted below in which the trial court determined that 41 video gambling devices seized by the State were illegal gambling devices and ordered them forfeited to the State. We affirm.

### BACKGROUND

On May 28, 2009, the Harris County Sheriff's Office seized 41 video gambling devices and approximately $1,249 in cash from Lucia Briseno at a game room known as

"Gift-n-Fun 1," located in Katy. On July 30, 2009, the State filed its original petition for forfeiture. Briseno did not file a response, but Worldwide filed an original answer asserting an interest in the video gambling devices.[1] The State amended its petition and, on June 3, 2010, mailed its requests for admissions to Worldwide. Among other things, the requests for admissions sought to establish that the 41 devices seized were illegal gambling devices subject to forfeiture. Worldwide's counsel received the requests for admissions on June 11, 2010 and responded by fax on July 11.

The State moved for summary judgment on three grounds: (1) Worldwide's untimely response to the requests for admissions resulted in their deemed admissions; (2) Worldwide offered no evidence contradicting the State's position that the devices seized were illegal gambling devices subject to forfeiture;[2] and (3) the "innocent owner" defense asserted by Worldwide is precluded by statute.[3] The trial court granted the State's motion on September 28, 2011, without specifying the grounds on which it based its decision. Worldwide moved for a new trial, which was denied by operation of law. Worldwide timely filed this appeal.

## ANALYSIS

We review *de novo* a trial court's grant of a traditional motion for summary judgment, using the same standard the trial court used. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Seber v. Union Pac. R.R.*, 350 S.W.3d 640, 645 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A traditional summary judgment motion may be granted if the motion and evidence show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005); *Seber*, 350 S.W.3d at 645. When the trial court's order granting summary judgment does not specify the

---

[1] The cash that was seized is not at issue.

[2] *See* Tex. Penal Code Ann. § 47.01(4) (Vernon 2011).

[3] *See* Tex. Code Crim. Proc. Ann. art. 18.18(b) (Vernon Supp. 2012).

grounds upon which it was granted, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *Urena*, 162 S.W.3d at 550; *Seber*, 350 S.W.3d at 645.

The State's first summary judgment ground is based on Worldwide's deemed admissions. Worldwide argues that its responses to the State's requests for admissions were timely and that, as a result, there are no deemed admissions. Worldwide concedes that there is no reversible error if the admissions were properly deemed admitted. This is in accordance with the relevant case law. *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) ("An admission once admitted, deemed or otherwise, is a judicial admission, and a party may not introduce testimony to controvert it."); *USAA Cnty. Mut. Ins. Co. v. Cook*, 241 S.W.3d 93, 102 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (same). As a result, we need only determine whether Worldwide's responses were timely.

Under Texas Rule of Civil Procedure 198.2(a), a party responding to requests for admissions must serve a written response on the requesting party within 30 days after service of the requests. Service by mail is complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service. Tex. R. Civ. P. 21a. When service by mail triggers a due date for the receiving party, that due date is extended by three days. *Id.*; *Awoniyi v. McWilliams*, 261 S.W.3d 162, 165 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Upon a showing that service sent by mail was not received within three days after it was mailed, a trial court may extend the due date but is not required to do so. Tex. R. Civ. P. 21a.

Although the parties disagree on the timeliness of Worldwide's responses, they both rely on State's Exhibit 6 — attached to the State's motion for summary judgment — to support their arguments on the timeliness issue. State's Exhibit 6 is a United States Postal Service "Track & Confirm" history of the State's requests for admissions — from the time they arrived at the local post office to the time they were delivered to

3

Worldwide's counsel. It shows that the requests arrived at the local post office the morning of June 5, 2010 and that, later the same day, notice was left at the delivery address. State's Exhibit 6 also shows that the package was not actually delivered until June 11.

The State contends that Worldwide's responses are untimely because they were submitted more than 33 days after June 3, 2010, the date on which the State served them by mail. Worldwide contends that its responses are timely under Rules 21a and 198.2 because it submitted them within 30 days of June 11, 2010, the date on which its counsel received them. Worldwide argues that Rule 21a implicitly requires delivery within three days and automatically tolls the 30-day response time if delivery takes longer than three days.

In support of its argument, Worldwide cites cases stating that (1) a party's duty to respond to requests for admissions is dependent upon receipt of those requests; and (2) a court cannot punish a party for failing to respond to requests it never receives. *See Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet.).

In both cases, the requests for admissions were returned to the United States Post Office marked "unclaimed." *$14,980.00*, 261 S.W.3d at 186; *Payton*, 29 S.W.3d at 897. The reviewing courts concluded that the "unclaimed" stamp was enough to rebut the presumption of receipt under Rule 21a and that, without the presumption of receipt, requests for admissions could not properly be deemed admitted. *$14,980.00*, 261 S.W.3d at 189-90; *Payton*, 29 S.W.3d at 899.

Worldwide does not assert that it failed to receive the requests for admissions. The parties agree that they were received on June 11. Therefore, these cases do not control here.

The Corpus Christi Court of Appeals addressed similar circumstances in *Cudd v. Hydrostatic Transmission, Inc.*, 867 S.W.2d 101 (Tex. App.—Corpus Christi 1993, no writ). Hydrostatic mailed requests for admissions on December 30, 1991, and Cudd received them on January 8, 1992. *Id.* at 102. Cudd mailed his responses February 7. *Id.* The court rejected Cudd's argument that the February 7 responses were timely:

> Cudd's complaint that the time for response should not have begun until he actually received the requests is unfounded. The rules do not provide automatic tolling of the start date due to tardy mail service. Clause 3 of Rule 21a allows parties who receive tardy mail service to present such evidence to the court, which may extend the relevant time periods or take other appropriate action. There is no indication in the record that Cudd requested such an extension during the response period. Cudd's failure to request an extension means that [his] responses were late filed and the admissions were properly deemed.

*Id.* at 103. Cudd subsequently asked the trial court during the summary judgment hearing to allow withdrawal of the deemed admissions, and argued on appeal that the trial court erred in failing to do so. *Id.* The court of appeals held that the trial court abused its discretion by failing to allow withdrawal of the deemed admissions as requested by Cudd. *Id*. at 105.

The record before us contains no indication that Worldwide asked at any juncture during proceedings in the trial court to extend the deadline for responding to the requests for admissions based on delayed delivery, or to withdraw deemed admissions. Worldwide does not contend on appeal that the absence of such an extension or the refusal to allow withdrawal in the trial court constitutes error.

To the contrary, Worldwide maintains that it needs no extension of its deadline because its responses were timely filed thirty days after receipt. In so arguing, Worldwide misreads the mailbox rule in same manner identified in *Wheeler v. Green*, 157 S.W.3d 439, 441-42 (Tex. 2005) (per curiam). Nowhere in its summary judgment response, its motion for new trial, or its appellate briefing has Worldwide sought relief that reasonably could be construed as a request to withdraw deemed admissions. *Cf. id.*

at 441-42.  Nor has Worldwide attempted to establish good cause in the trial court or on appeal.  *Cf. id*. at 442 n.1 (contrasting analysis of pro se litigant's arguments with circumstances in which client is represented by counsel; although errors in computing dates and determining how to address late responses to requests for admissions did not signal intent or conscious indifference on the part of a pro se litigant, "such a conclusion might well be warranted" if a lawyer committed the same conduct).

Rule 198.2(a)'s plain language requires a party to respond to requests for admissions "within 30 days after service of the request."  Worldwide urges us to construe "service" to mean "receipt."  We decline to do so, and our dissenting colleague does not argue that we should do otherwise.

Because Worldwide erroneously believed its responses to have been timely filed, it requested neither an extension of time to respond nor permission to withdraw deemed admissions.  Because Worldwide still believes its responses were timely filed, it has not urged us on appeal to imply such requests for extension or withdrawal within the papers it did file.  Thus, Worldwide does not ask us to find error in the trial court's failure to grant such requests.

Rule 198 vests trial courts with discretion to consider a request to withdraw or amend deemed admissions.  Had Worldwide assigned such error on appeal, we would have applied an abuse of  discretion standard and asked whether the trial court abused its discretion by failing to give relief that was not requested. *Stelly v. Papania*, 927 S.W.3d 620, 622 (Tex. 1996).

Our dissenting colleague would find such error without a request and would hold that Worldwide's persistence in its view of the law should have placed the trial court on notice that Worldwide wanted its deemed admissions withdrawn.  From a policy standpoint, the course proposed by the dissent urges that courts must act proactively and preemptively in the name of giving due process when the "process" at issue has not been sought.  This approach is both erroneous and problematic under the circumstances

6

presented in this case.  From a practical standpoint, this approach would shift the burden of proof under Rule 198.3 for withdrawing deemed admissions.

Absent an extension, Worldwide's responses were due on or before July 6.  The responses were submitted on July 11.  We follow *Cudd* and hold that Worldwide's responses to the requests for admissions were untimely. The trial court properly granted summary judgment based upon deemed admissions.  Because Worldwide does not contend that it requested withdrawal of the deemed admissions, or that the trial court abused its discretion in failing to allow withdrawal, we do not consider this issue.

## CONCLUSION

In light of Worldwide's deemed admissions, there is no genuine issue of material fact and the State is entitled to judgment as a matter of law.  Accordingly, we affirm the trial court's summary judgment.


/s/    William J. Boyce
Justice


Panel consists of Justices Boyce and McCally and Senior Justice Mirabal.[4] (Mirabal, S.J., dissent).

---

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.

7