**Affirmed and Majority and Dissenting Opinions filed November 29, 2012.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-11-00965-CV

---

### IN RE SEIZURE OF GAMBLING PROCEEDS

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1226408**

---

## DISSENTING OPINION

I respectfully dissent.

The uncontroverted, agreed-upon summary judgment evidence shows that (1) Worldwide received the State's requests for admissions on June 11, 2010, and (2) the State received Worldwide's responses to the requests for admissions 30 days later, on July 11, 2010.

In response to the State's motion for summary judgment based on deemed admissions, Worldwide argued that its responses to the requests for admissions were timely and therefore the requests should not be deemed admitted. Even though Worldwide did not file a motion to withdraw deemed admissions, the arguments

presented to the trial court were sufficient to put the trial court on notice of exactly that complaint, and the trial court should have allowed the deemed admissions to be withdrawn in accordance with controlling Supreme Court authority. Thus, the summary judgment is not supported by deemed admissions. Accordingly, I dissent.

This case is controlled by *Wheeler v. Green*, 157 S.W.3d 439 (Tex 2005) (per curiam).[1] In that case, the trial court granted summary judgment based on deemed admissions. *Id.* at 441. It was uncontested that the appellant (Sandra) had filed responses to the requests for admissions 27 days after she received the requests, but 35 days after the "mailbox rule" deemed they were served, thus making the responses two days late under Texas Rule of Civil Procedure 21(a) (providing service occurs upon mailing and extending response time by three days). *Id.* Sandra did not file a response to the motion for summary judgment, but she did file a motion for new trial in which she argued her responses to the requests for admissions were timely, and therefore the summary judgment was improperly granted on deemed admissions. *Id.* at 441–42. The Supreme Court held that the effect of Sandra's argument in the motion for new trial was a request that the deemed admissions be withdrawn, stating:

> . . . although Sandra never filed a motion to withdraw deemed admissions or a motion to allow a late response to the summary judgment, the arguments and requests in her motion for new trial were sufficient to put the trial court on notice of exactly that complaint. *See* Tex. R. App. P. 33.1(a).

*Id.* at 442.

In the present case, Worldwide did not wait until the motion for new trial to argue that it had timely filed its responses to the requests for admissions; rather, it made that argument in its response to the motion for summary judgment, and thus put the trial court on notice that it sought the withdrawal of any deemed admissions. Withdrawal of

---

[1] Although *Wheeler* involved a *pro se* defendant, the analysis and due process considerations apply equally to the present case.

2

deemed admissions should be granted when there is a showing of (1) good cause, and (2) no undue prejudice. *Id.*

## GOOD CAUSE

Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference. *Id.* In *Wheeler*, the Supreme Court noted:

> While Sandra argued only that her responses were timely, the trial court could not have concluded otherwise without noting that she was mistaken as to when "service" occurs. . . . On this record, the lower courts could have concluded that Sandra was wrong on her dates and wrong on how to correct them, but not that either was the result of intent or conscious indifference.

*Id.* Likewise, in the present case, the record is clear that Worldwide did not intentionally ignore the deadline for filing the responses to the requests for admissions, nor did it act with conscious indifference to the rule of law.[2] This case is similar to *Cudd v. Hydrostatic Transmission, Inc.*, relied on by the Majority Opinion. 867 S.W.2d 101 (Tex. App.—Corpus Christi 1993, no writ). There, the attorney for Cudd also had the mistaken belief that the time for filing the responses to the requests for admissions ran from the date of the receipt of the requests; the appellate court held that good cause was shown and the deemed admissions should have been withdrawn. *Id.* at 104–05.

## UNDUE PREJUDICE

Undue prejudice depends on whether withdrawing an admission will delay trial or significantly hamper the opposing party's ability to prepare for it. *Wheeler*, 157 S.W.3d at 443. In *Wheeler,* where Sandra's responses to requests for admissions were received two days late but six months *before* the summary judgment motion was heard, the

---

[2] In its response to the motion for summary judgment, Worldwide cited *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex. App.—Amarillo 2000, no pet) in support of its position that the time for filing responses to requests for admissions begins to run from the date of receipt of the requests, quoting language from the opinion supporting that conclusion.

Supreme Court concluded: "The lower courts could not have concluded on this record that Darrin would suffer any undue prejudice if the admissions were withdrawn." *Id.* Similarly, in the present case, assuming Worldwide's responses were late by five days, they were filed more than *one year before* the submission of the State's motion for summary judgment; no undue prejudice would have been suffered by the State if the deemed admissions were withdrawn.

## DUE PROCESS CONCERNS

The State served 49 requests for admissions on Worldwide aimed at obtaining Worldwide's admissions that it had no valid claims, and no valid defenses to the State's action. Before admissions are allowed to be deemed due to tardy responses, the courts are required to ensure that due process has been afforded the parties. The Supreme Court in *Wheeler* explained the due process concerns:

> We recognize that trial courts have broad discretion to permit or deny withdrawal of deemed admissions, but they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. While requests for admissions were at one time unique in including an automatic sanction for untimely responses, failure to comply with any discovery requests now bears similar consequences. *See* Tex. R. Civ. P. 193.6(a). Nevertheless, we have held for all other forms of discovery that absent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions. . . .
>
> When requests for admissions are used as intended—addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents—deeming admissions by default is unlikely to compromise presentation of the merits. But when a party uses deemed admissions to try to preclude presentation of the merits of a case, the same due-process concerns arise.

*Id.* at 443 (citations omitted). The *Wheeler* court concluded that the record contained no evidence of flagrant bad faith or callous disregard for the rules. *Id.* at 443–44. Similarly, in the present case, the record contains no evidence of flagrant bad faith or callous disregard for the rules; in fact, Worldwide's construction of the rules is supported by

4

*Payton*, 29 S.W.3d at 898,[3] which was cited with approval by this Court in *Approximately $14,980.00 v. State*, 261 S.W.3d 182, 186 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Due process bars the merits-preclusive sanction of summary judgment on deemed admissions in this case. If the Majority Opinion truly followed *Cudd*, it would hold, applying relevant principles, that withdrawal of the deemed admissions should have been allowed. *See Cudd*, 867 S.W.2d at 105.

The fact that Worldwide did not specifically ask the trial court to withdraw deemed admissions is not fatal to Worldwide's right to due process. The Texas Supreme Court has clearly held that a defendant's argument in the trial court, that responses to requests for admissions were timely filed and therefore there are no deemed admissions, is sufficient to put the trial court on notice that the defendant is asking for withdrawal of deemed admissions. *See Wheeler*, 157 S.W.3d at 441–42. In its third issue on appeal to this Court, Worldwide specifically asserts the trial court erred in granting summary judgment based on deemed admissions. I would sustain Worldwide's third issue.

## CONCLUSION

Worldwide's deemed admissions should have been withdrawn, and therefore the State's motion for summary judgment based on deemed admissions should have been denied.

/s/    Margaret Garner Mirabal
Senior Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[4] (Boyce, J., majority).

---

[3] In its response to the motion for summary judgment, Worldwide quoted the following language from *Payton*: "Next, upon combining our interpretation of Rule 21a with that of Rule 198.2(a), we are also compelled to hold that a party's duty to respond to requests for admission is dependent upon receipt of those requests. And, because his duty does not ripen until service has been perfected (*i.e.* his receipt of them), the party cannot be made to suffer the effect of not answering or answering untimely." 29 S.W.3d at 898.

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.

5