**NORTH RIVER INSURANCE COMPANY OF NEW JERSEY, Appellant,**

v.

**Thelma GREENE, Appellee.**

**No. 08–91–00212–CV.**

Court of Appeals of Texas, El Paso.

Jan. 29, 1992.

Rehearing Overruled Feb. 26, 1992.

Cecil Kuhne, Robert L. Duncan, Crenshaw, Dupree & Milam, Lubbock, for appellant.

Larry Zinn, San Antonio, Phillip Godwin, Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from a summary judgment in a workers' compensation case based upon requests for admissions to which a timely response was not filed. We reverse and remand.

### Facts

From her deposition testimony, it appears that Thelma Greene sustained an accidental injury when some dishes fell on her feet when she was working at a Furr's Cafeteria. She said her legs did not give her any trouble, only her feet. After suit was filed, Appellee sent Appellant requests for admissions on August 9, 1990, and they were received the following day. The claimant's deposition was taken on August 24, 1990. On September 5, the carrier filed an amended answer. No response to the requests for admissions was filed within thirty days of service. On November 8, 1990, counsel for the carrier discovered that the request had not been answered and called counsel for the claimant about the oversight and error in filing the necessary responses. As to the request for an extension, counsel for the claimant urged counsel for the carrier to file his responses but made no agreement as to the request for an extension. The responses were filed on November 27, 1990 at a time when the case had not yet been set for trial. In late December, counsel for the carrier was advised that there could be no agreement as to an extension. On December 31, 1990, the claimant filed her motion for summary judgment and objections to defendant's responses to plaintiff's requests for admissions. The carrier then filed its motion to permit late and untimely filing of responses to requests for admissions. On January 25, 1991, the trial court sustained the claimant's objections and denied the carrier's motion for late filing. Following a hearing in February, summary judgment was entered awarding Thelma Greene $77,483.00 plus interest and costs.

### Facts Admitted

The requests for admissions sent to the carrier asked it to admit that on August 23, 1987, Thelma Greene was an employee of Furr's Cafeteria, that on that date she received an accidental injury, that the injury was a producing cause of total disability, that she was totally disabled for at least 401 weeks, that she worked 210 days for the same employer in the year immediately preceding her accident and that she was paid $336.00 per week. Other admissions include the necessary steps for the filing of the claim and appeal from the Board's award and the applicable insurance cover-

age for the employer. Without a timely response, the admissions support the summary judgment.

## Points of Error

The Appellant presents three points of error urging that (1) the trial court erred in denying its motion to permit the filing of its response to the requests for admissions; (2) the trial court erred in overruling its special exceptions; and (3) the trial court erred in rendering judgment on plaintiff's motion for summary judgment based upon the deemed admissions of the defendant.

## Controlling Issue

The overriding issue in this case, and the one which will control the final disposition, is with regard to the trial court's ruling which denied the Appellant the right to have its late responses to the requests for admissions considered as timely and thereby avoid the provisions of Tex.R.Civ.P. 169 that unless a written answer is served within thirty days, the matter is admitted. In this case, the results are the same as a "death penalty" in a sanction case where an essential pleading is ordered stricken. *See Transamerican Natural Gas Corporation v. Powell*, 811 S.W.2d 913 (Tex. 1991). The equity in this case is with the Appellant, but the controlling issue is whether the law is with the Appellant.

## Rule 169

Rule 169 provides that "the court may permit withdrawal or amendment of responses and deemed admissions upon a showing of good cause for such withdrawal or amendment if the court finds that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved thereby." In view of the claimant's testimony in her deposition that confined her injury to her feet, we conclude that, as a matter of law, she would not be unduly prejudiced and the presentation of the merits of the action would be best served by permitting the withdrawal of the deemed admissions. *E.g., Boone v. Texas Employ-* *ers' Insurance Association*, 790 S.W.2d 683 (Tex.App.—Tyler 1990, no writ), but that conclusion does not establish "a showing of good cause" which is the threshold issue which must be determined by the trial judge before considering the other requirements set forth in the rule. *Id.*

## Review of Cases

Since the 1988 amendment of Rule 169 to add the requirement of "a showing of good cause", the Tyler, Dallas, Houston [14th Dist.] and Texarkana Courts of Appeals have reviewed the standard required to show good cause and have in each instance concluded that withdrawal was proper or the failure to grant withdrawal was error.

On February 27, 1990, the Dallas Court of Appeals, in an opinion on rehearing, held that good cause is the threshold standard for withdrawal of deemed admissions and that negligence of counsel in failing to timely respond to requests did not prevent a showing of good cause, particularly where the conduct of counsel did not rise to the level of conscious indifference. *Employers Insurance of Wausau v. Halton*, 792 S.W.2d 462 (Tex.App.—Dallas 1990, writ denied). In that case, defense counsel discovered his error about seven weeks late and immediately contacted plaintiff's counsel to explain his failure to respond and to request an extension of time to prepare answers. The request was refused. Within a couple of days, the answers were filed and ten days later, a motion to extend time was filed. The court denied the request and granted summary judgment based upon the admissions. The appellate court found there was a sufficient showing of good cause to warrant withdrawal of the deemed admissions and that the trial court abused its discretion in failing to grant defendant's motion to set aside and to extend the time to file its answers.

On February 28, 1990, the Tyler Court of Appeals noted that the burden is upon the party seeking withdrawal of deemed admissions to establish good cause and held that this standard required a showing that the party defaulting or failing to timely answer did not intentionally or consciously dis-

regard its obligation to timely answer. *Boone v. Texas Employers' Insurance Association,* 790 S.W.2d 683 (Tex.App.—Tyler 1990, no writ). In that case, counsel for T.E.I.A. discovered his error within about a week after the thirty day time for answering had passed when plaintiff's counsel filed a motion for summary judgment based upon the deemed admissions. He immediately filed a motion to withdraw the deemed admissions. The motion was subsequently granted and that order was affirmed.

In *Esparza v. Diaz,* 802 S.W.2d 772 (Tex. App.—Houston [14th Dist.] 1990, no writ), the appellate court affirmed the trial court's order permitting the withdrawal of deemed admissions. In following the decision in the Dallas case, the Court said "the significant aspect of *Employers* is that where the plaintiff is not injured and the trial not delayed, even a slight excuse for the original failure to answer will suffice." *Esparza,* 802 S.W.2d at 776.

Finally, in *Fibreboard Corporation v. Pool,* 813 S.W.2d 658 (Tex.App.—Texarkana 1991, writ pending), counsel for one of the defendants sent requests for admissions to six plaintiffs. A timely response was filed for four of the plaintiffs. Due to a clerical error, no answer was filed for the other two plaintiffs. The error was discovered shortly after the answer date passed and a motion was filed with their responses. The motion for extension was granted and affirmed on appeal. The Court held that even a clerical error can constitute good cause "even though a party may have been negligent, if his negligence does not rise to the level of conscious indifference." *Id.* at 683.

### Standard for Review

In all of these cases, the Courts recognized that the trial court's ruling will be set aside only upon a clear showing of abuse of discretion, and that such an abuse occurs when the court acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. That standard is clear. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985).

### Applicable Guidelines and Standards

It requires this Court to consider the guiding rules and principles which the trial court was required to consider in passing on the Appellant's motion in this case. As outlined in the above cases, we find those rules and principles are as follows:

(1) The objective of every rule of practice is to obtain a just, fair, equitable and impartial adjudication of the rights of the litigants under a liberal construction of such rules. *See* Tex.R.Civ.P. 1.

(2) The primary purpose of Rule 169 is to simplify trials and eliminate matters about which there is no real controversy. It is not to be used to require a party to admit that he has no cause of action or ground of defense. *See Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950).

(3) The rules should not be used as a trap and should not be construed in such a manner that they will prevent a litigant from presenting the truth to the trier of facts. *See Bynum v. Shatto,* 514 S.W.2d 808, 811 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.)

(4) In deciding whether a failure to timely answer was the result of an accident or mistake, the controlling issue is the absence of a purposeful or bad faith failure to answer which reflects a conscious indifference. Consequently, even a slight excuse will suffice, especially where delay or prejudice will not result against the opposing party. *See Gotcher v. Barnett,* 757 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1988, no writ).

(5) An accident or mistake upon the part of counsel may constitute negligence upon his part, but it will not necessarily constitute conscious indifference so as to preclude granting a motion for leave to file. *See Esparza v. Diaz,* 802 S.W.2d 772; *Employers Insurance of Wausau,* 792 S.W.2d 462.

In applying these principles, it seems clear that a clerical error can constitute good cause. *Fibreboard Corporation v. Pool,* 813 S.W.2d 658; *Birdo v. Holbrook,*

775 S.W.2d 411 (Tex.App.—Fort Worth 1989, writ denied). Likewise, it seems clear that being busy and overworked is not good cause. *Manges v. Pool Company,* 581 S.W.2d 540 (Tex.Civ.App.—Dallas 1979, no writ) and *Lee v. Owen,* 404 S.W.2d 84 (Tex.Civ.App.—San Antonio 1966, no writ).

### Application of Guidelines and Standards

 In the case at bar, it was Appellant's counsel who discovered that answer had not been timely filed. He immediately advised opposing counsel and sought an extension. Answers were filed within the same month. A motion for extension was filed within two weeks after the objections to the answers was filed. All of this occurred at a time when the case had not been set for trial. The motion for extension included an affidavit of counsel which states the responses were late "because of an inadvertent calendar diary error and not because of any intent or purpose to delay trial or discovery in this matter or to cause any hardship to Plaintiff or Plaintiff's attorney." We conclude that a diary error would constitute a clerical error. Although the explanation is not as complete as it could have been, obviously the answer date was not posted or if posted not timely observed. There is nothing to indicate the deadline was intentionally ignored. This is not a case where counsel failed to answer after the error was called to his attention. There was no delay until the time of trial which could have resulted in a delay of the case. Nothing happened in this case to cause a delay. In fact, the failure to answer actually resulted in a more speedy disposition since the case was decided by summary judgment rather than a trial on the merits.

### Conclusion

Following the cases which have considered the issue in this case and applying the standards and rules they have adopted, we conclude that the trial court abused its discretion in denying the motion to permit the late filing of the answers in a case where the claimant, by her own sworn testimony, acknowledged that she was not totally and permanently disabled and, in fact, apparently had only sustained a specific injury and not a general injury for which she could recover compensation benefits for 401 weeks. We sustain Point of Error No. One.

Without the proof established by the deemed admissions, the evidence is insufficient to support the summary judgment. We sustain Point of Error No. Three.

Point of Error No. Two is moot and not considered.

The judgment of the trial court is reversed, and the case is remanded to the trial court.