Alfred Leslie BURDEN, Appellant,

v.

JOHN WATSON LANDSCAPE ILLUMINATION, INC., Appellee.

No. 11–93–156–CV.

Court of Appeals of Texas, Eastland.

Jan. 26, 1995.

Rehearing Overruled March 1, 1995.

Mark R. Kolitz, Liechty, McGinnis & Kolitz, Dallas, for appellant.

Gary S. Kessler, Ashley E. Interrante, Howard Rubin, Malouf, Lynch, Jackson, Kessler, Collins, Dallas, for appellee.

Before McCLOUD *, C.J., and BROWN * and DICKENSON, JJ.

Opinion

McCLOUD, Chief Justice (Retired).

John Watson Landscape Illumination, Inc. (JWLI) sued Alfred Leslie Burden seeking a declaratory judgment that Burden was due no compensation under an employment contract that JWLI had terminated. Burden counterclaimed that JWLI breached the employment contract. Both parties filed motions for summary judgment. The trial court granted summary judgment for JWLI as to Burden's counterclaim, and JWLI dismissed its original claim for declaratory judgment and attorney's fees. Burden appeals. We reverse and remand.

JWLI filed suit against Burden on October 13, 1992. Burden filed his answer and counterclaim on November 10, 1992. The court then sent a letter [1] to the parties shortening the period for filing responses to requests for admissions to 14 days. The court's March 30, 1993, letter stated that discovery should be completed by May 17, 1993, and set the case for a jury trial on July 12, 1993. JWLI filed its first request for admissions on February 24, 1993. In its request, JWLI stated that the responses should be served upon JWLI within 30 days after receipt or "at such other time as is ordered by the Court."

Before the expiration of the 30–day period allowed under TEX.R.CIV.P. 169, but after the expiration of the 14–day period, Burden's attorney became aware of the court's letter shortening the period for filing responses to

* Retired, Court of Appeals, Eastland, sitting by assignment pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

1. Both parties agree that the court's letter was sent subsequent to the filing of Burden's answer.

Burden states in his brief that the letter was sent on November 12, 1992. We note, however, that the letter contained in the supplemental transcript was dated March 30, 1993.

request for admissions. Burden filed his responses to the request for admissions on March 24, 1993. On March 25, 1993, Burden filed a motion for protective order, for additional time, and for withdrawal of deemed admissions.

Burden's counsel attached an affidavit to the motion to withdraw the deemed admissions. In the affidavit, counsel stated that the responses to the admissions were filed untimely because he did not see the court's letter and that, through a clerical oversight, the reduced time period was not entered into his firm's docket system. Counsel's affidavit also stated that Burden disputed all of the facts that would be deemed admitted and that Burden would suffer great hardship and prejudice if the motion to withdraw deemed admissions was denied. Burden also stated that he was willing to pay JWLI's reasonable attorney's fees incurred in responding to Burden's motion to withdraw the deemed admissions.

█ In his first point of error, Burden contends that the trial court erred in denying his motion to withdraw the deemed admissions which formed the basis of the summary judgment against him. We agree.

█ Rule 169(1) provides in relevant part:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted without necessity of a court order unless, *within thirty days after service of the request, or within such time as the court may allow,* or as otherwise agreed by the parties, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection. (Emphasis added)

The consequence of "deemed admissions" is that the matters are conclusively established as to the admitting party unless the court, on motion, permits withdrawal or amendment of the admissions. Rule 169(2). The court may permit withdrawal or amendment of the deemed admissions upon a showing of good cause if the court finds that the parties relying upon deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be served by the

withdrawal or amendment of the responses. Rule 169(2). The court's decision will be reversed only if, after searching the record, it is clear that the trial court abused its discretion. *Simon v. York Crane & Rigging Company, Inc.,* 739 S.W.2d 793, 795 (Tex. 1987); *Employers Insurance of Wausau v. Halton,* 792 S.W.2d 462, 464 (Tex.App.—Dallas 1990, writ den'd); *Texas Employers' Insurance Association v. Bragg,* 670 S.W.2d 712, 715 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Burden relies on *Employers Insurance of Wausau v. Halton, supra,* in support of his contention that the trial court erred in denying his motion to withdraw the deemed admissions. In *Halton,* the defendant inadvertently failed to file its responses to the plaintiff's request for admissions within the 30–day response period allowed by Rule 169. The Dallas Court of Appeals held that the trial court abused its discretion in denying the defendant's request to set aside the deemed admissions. The Dallas court found that, once the defendant's attorney discovered his mistake, counsel immediately contacted the plaintiff's attorney to notify him that the responses would be filed late; that defense counsel alleged in his affidavit that the defendant would suffer great hardship if the motion to extend time was denied; that the defendant offered to pay plaintiff's reasonable attorney's fees incurred in responding to the defendant's motions; and that, at the time of the hearing on the defendant's motion, there was almost a month before the trial in which the parties could have conducted additional discovery.

In this case, we note that it is uncontroverted that Burden's failure to timely file the responses was not the result of conscious indifference. Rather, the error was due to a clerical mistake and to the language contained in JWLI's request for admissions. Burden's counsel immediately filed his responses once the error was discovered. The responses were filed within the 30–day time period provided in Rule 169 and more than three months before trial.

We hold that Burden was diligent in rectifying the error and that he showed good cause as to his failure to file the responses

within the 14–day time period set by the court. The parties would not have been prejudiced by the withdrawal of the deemed admissions because, at the time of the hearing on Burden's motion to withdraw the admissions, there was more than a month until trial and because the court could have allowed the parties to conduct additional discovery if necessary. Finally, the presentation of the merits would have been served by the withdrawal of the deemed admissions because the parties would have been required to prove their respective claims.

The purpose of the Rules of Civil Procedure is to obtain a just, fair, equitable, and impartial adjudication of the rights of the litigants under established principles of substantive law. TEX.R.CIV.P. 1. The Rules of Civil Procedure were not designed to trap the unwary or to give one litigant an advantage over his opponent by granting a judgment without supporting testimony when, without injustice to either party, the truth could be presented. See *Bynum v. Shatto*, 514 S.W.2d 808, 811 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.); *Gordon v. Williams*, 164 S.W.2d 867, 868 (Tex.Civ. App.—Beaumont 1942, no writ). The trial court's failure to withdraw the deemed admissions effectively resulted in Burden receiving the ultimate sanction,[2] preventing Burden from receiving a just adjudication of his claim. We hold that the trial court abused its discretion in denying Burden's motion for additional time and withdrawal of deemed admissions. Burden's first point is sustained.[3]

Burden argues, in his second point of error, that the trial court erred in granting JWLI's motion for summary judgment as to Burden's counterclaim. In light of our holding on the first point of error, we agree.

■ Summary judgment is proper when the evidence conclusively establishes that there is no genuine issue of material fact as to one or more essential elements of the plaintiff's claim or when each element of an affirmative defense to plaintiff's cause of action is established as a matter of law. TEX. R.CIV.P. 166a(c); *Black v. Victoria Lloyds Insurance Company*, 797 S.W.2d 20 (Tex. 1990); *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985). JWLI moved for summary judgment as to Burden's counterclaim under a number of theories including waiver, estoppel, material misrepresentation, acceptance of benefits in satisfaction of Burden's claim, and fraudulent inducement. We hold that without the deemed admissions a number of fact issues exist and that JWLI has not established that it is entitled to summary judgment as a matter of law.

JWLI urges that even without the deemed admissions Burden's post-employment conduct established as a matter of law that Burden had no right to any additional compensation from JWLI. We disagree.

JWLI cites *Allen v. Dempster Mill Mfg. Company*, 402 S.W.2d 809 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.), and *Hurt v. Standard Oil Company of Texas*, 444 S.W.2d 342 (Tex.Civ.App.—El Paso 1969, no writ), as support for its contention that Burden waived the requirement in the contract that Burden be given written notice of termination. These cases are distinguishable. In each case, the employee accepted substantial company "retirement" benefits following retirement. In this case, there is no summary judgment proof that Burden accepted retire-

---

**2.** Under the deemed admissions, Burden made such definitive admissions as follows. Burden's acceptance of (1) unemployment benefits, (2) coverage pursuant to COBRA, (3) disability benefits, and (4) lighting installed in Burden's home constituted estoppel and a waiver of any further claims of compensation from JWLI. Burden's acceptance of the lighting installed by JWLI constituted accord and satisfaction of his claim against JWLI. Burden's omission of employment with a previous employer was material information and constituted fraud. Under the deemed admissions, Burden also admitted that

he fraudulently induced JWLI into entering the employment agreement by virtue of the omission of previous employment. By virtue of the omission, Burden was estopped from maintaining any claim against JWLI.

**3.** The record does not reflect that any evidence was introduced at the hearing on the motion to set aside. We follow the reasoning of the Dallas Court in *Halton* and base our decision solely upon the papers filed with the trial court as they appear in the transcript.

ment benefits from JWLI, and JWLI did not conclusively establish that the installation of lighting in Burden's home constituted accord and satisfaction of any claim that Burden had against JWLI. Burden's second point is sustained.

In the third point of error, Burden argues that the trial court erred in granting JWLI's motion to force return of privileged materials. We do not reach this issue because it is not necessary to the final disposition of the appeal. TEX.R.APP.P. 90(a).

The judgment of the trial court is reversed, and the cause is remanded to the trial court.

DICKENSON, J., not participating.