**CREDIT CAR CENTER, INC. and National Auto Credit, Inc., A Division of Agency Rent–A–Car, Appellants,**

v.

**Charles CHAMBERS and Sandra Chambers, Appellees.**

No. 08–97–00188–CV.

Court of Appeals of Texas, El Paso.

April 30, 1998.

Scott M. Tidwell, McMahon, Tidwell, Hansen, Atkins & Fowler, P.C., Odessa, W. Clayton Gaston, Canon, Short & Gaston, Midland, for Appellants.

Jerry D. Caddel, Odessa, for Appellees.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

CHEW, Justice.

National Auto Credit, Inc., a division of Agency Rent–A–Car ("National"), and Credit Car Center, Inc. ("Credit") appeal from a Deceptive Trade Practices Act and common law fraud judgment granted Charles Chambers and Sandra Chambers ("the Chambers") after a partial summary judgment motion and a bench trial. We reverse and remand.

In 1994, the Chambers bought a used 1992 Toyota Corolla car belonging to National

Auto Credit, Inc., from Credit Car Center, Inc. The Chambers later learned that the car had been involved in an accident in 1993. They sued National and Credit on February 9, 1995, alleging violation of the DTPA. Attorney Glen Halsell timely filed separate answers for Credit and National. On March 7, 1996, the Chambers sent identical requests for admissions to Credit and National. Neither appellant responded to the admissions requests within thirty days.

On April 18, 1996, the Chambers filed their first amended petition and a motion for partial summary judgment, and the trial judge scheduled the summary judgment hearing for June 3. Halsell, on April 23, filed a response to the admissions for National and Credit in which the appellants denied certain requests, and the next day, he filed a motion to set aside the previously deemed admissions.

In his affidavit supporting this first motion, Halsell averred that on or about March 11, his personal secretary left and he hired an eighteen-year-old secretary. The appellees' discovery request arrived that same day but it was not forwarded to National's in-house counsel until the 26. Halsell blamed the delay on the personnel changes. When he forwarded the discovery to National, he did not realize that the discovery should also have been forwarded to Credit. He only realized this on April 23 when he received National's discovery answers and the Chambers' motion for partial summary judgment. He then compiled Credit's discovery answers and filed both responses that day.

On June 3, the trial judge heard the Chambers' motion for partial summary judgment and the appellants' motion to undeem the findings. The appellants' attorney, Halsell, failed to file a response to the partial summary judgment motion and failed to appear at the hearing. The court denied the appellants' motions to undeem the findings and granted the partial summary judgment.

National filed its motion for substitution of counsel on June 17, 1996, which was granted on June 26. National's new counsel, W. Clayton Gaston, filed National's motion to withdraw the deemed admissions and set aside the partial summary judgment. Credit filed its motion to substitute counsel on July 25, which was granted on August 1. Credit's new counsel, Scott M. Tidwell, moved to withdraw its deemed admissions and to set aside the partial summary judgment on July 30.

Halsell, in a second affidavit supporting the new motions to withdraw admission, averred that on March 1, 1996, his personal secretary left his employ and was replaced by an eighteen-year-old secretary. His records showed that his office received the requests March 11, when he was in Jeff Davis County Commissioners Court. Halsell then went on vacation and did not return to his office until March 18, when he found the discovery requests. He "promptly" dictated a letter to Regina M. VanVorous, National's in-house counsel, forwarding the requests to her. The letter was not signed, however, until March 26. He did not know that the requests should also have been forwarded to Credit and he failed to do so.

National's in-house counsel was out of her office on personal business from March 29 through April 8. Her office received Halsell's cover letter and the requests on April 2, and she swore to the responses on April 19.

Sometime in April—Halsell once stated that on the 11th and elsewhere stated that on the 22nd—Halsell received the Chambers' first amended petition and motion for partial summary judgment. On page five, after the body of the motion for partial summary judgment, was a court order setting a hearing on the motion for June 3. Halsell stated that he did not see the order and did not learn of the hearing until later.

Upon receiving the motion for partial summary judgment, Halsell realized that National and Credit had failed to answer the requests. On April 23 and 24, he filed responses and a motion to undeem the admissions for both National and Credit.

On May 30, Nancy Halfacre, from the trial court, called Halsell's office to advise him that the motions to undeem the admissions would be heard on June 3, the same day as the summary judgment hearing of which Halsell was apparently still unaware. Halsell, who was out of the office, told his office

to call the court back and reschedule the June 3 hearing because he was scheduled to be in court in Jeff Davis County on that date. Halsell testified that although his office personnel could not directly contact Ms. Halfacre, they left phone messages. He said he did not know that the June 3 hearing had gone forward until June 4, when Ms. Halfacre told him that the court had denied his motion to undeem the admissions and had granted the motion for partial summary judgment.

The court heard the appellants' motions to permit withdrawal of deemed admissions and to set aside the partial summary judgment August 12 and signed the order denying their motions September 9.

National and Credit complain in their first points of error that the trial court erred in denying their request to withdraw their deemed admissions.

A party may serve upon any other party a written request for the admission. The party to whom the request is directed admits the matter without necessity of a court order unless, within thirty days after service of the request, that party serves upon the requestor a written answer or objection. Any matter admitted under this rule is conclusively established as to the party making the admission unless the court permits withdrawal of the admission. The court may allow the admitter to withdraw the deemed admission if the admitter shows good cause and if the court finds that the withdrawal will not unduly prejudice the parties relying upon the deemed admissions and that the withdrawal will subserve presentation of the merits of the action. Tex.R.Civ.P. 169.

■ A trial court has the discretion to prevent a party from withdrawing deemed admissions, and we will reverse the court's decision only if the court abuses its discretion. *See North River Ins. Co. of N.J. v. Greene,* 824 S.W.2d 697, 700 (Tex.App.—El Paso 1992, writ denied). A trial court only abuses its discretion when it acts without reference to guiding rules or principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

■ The objective of every rule of practice is to obtain a just, fair, equitable, and impartial adjudication of the rights of the litigants under a liberal construction of such rules. Tex.R.Civ.P. 1; *Greene,* 824 S.W.2d at 700. Rule 169's primary purpose is to simplify trials and eliminate matters about which there is no real controversy, not to require a party to admit that he has no cause of action or ground of defense. *Greene,* 824 S.W.2d at 700; *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 208 (1950). Courts should not use the rules as a trap and should not construe them in a manner that will prevent a litigant from presenting the truth to the trier of facts. *Greene,* 824 S.W.2d at 700. A party seeking to withdraw deemed admissions establishes "good cause" by showing that its failure to file was not intentional or in conscious disregard of its obligation to answer the requests; thus, even a slight excuse for failure to answer will suffice. *City of Houston v. Riner,* 896 S.W.2d 317, 319 (Tex. App.—Houston [1st Dist.] 1995, writ denied). *See also* 3 McDonald, Texas Civil Practice § 14:12[c](1992 ed.). Counsel's negligence does not necessarily constitute conscious indifference preventing a party from withdrawing its admissions. *Greene,* 824 S.W.2d at 700.

Appellate courts have overruled a trial court's failure to allow withdrawal where the attorney receiving the admissions improperly calculated the thirty-day response time from the date he received the requests rather from the day they were mailed, *Cudd v. Hydrostatic Transmission, Inc.,* 867 S.W.2d 101, 105 (Tex.App.—Corpus Christi 1993, no writ); where the attorney received the requests but failed to docket the response date, about ninety passed before he realized his error, and he filed responses within three weeks thereafter, *Greene,* 824 S.W.2d at 701; and where the attorney receiving the requests prepared handwritten responses but did not file the answers until more than three months after having received the requests, the requester's attorney never contacted the answerer's attorney about the tardy answers and the answerer's attorney upon discovering the error contacted the requester's attorney to tell him the responses would be late, *Em-*

*ployers Ins. of Wausau v. Halton,* 792 S.W.2d 462, 466–67 (Tex.App.—Dallas 1990, writ denied).

Moreover, an appellate court found the trial court did not abuse its discretion when it allowed a party to withdraw its deemed admissions where the party's attorney failed to timely answer the requests but filed the answer six months before the date of the final hearing. *Esparza v. Diaz,* 802 S.W.2d 772, 776 (Tex.App.—Houston [14th Dist.] 1990, no writ).

On the other hand, appellate courts have found no abuse of discretion where trial courts refused to allow parties to withdraw deemed admissions where the attorney did not request an extension for answering the requests until a year after the requests where filed, even though the delaying parties were involved in another lawsuit between the same parties and even though the delaying parties lost an employee who was handling the file, *Eckman v. Centennial Sav. Bank,* 757 S.W.2d 392, 396 (Tex.App.—Dallas 1988, writ denied); where the attorney's justification for not answering was merely a "busy schedule," *Curry v. Clayton,* 715 S.W.2d 77, 79–80 (Tex.App.—Dallas 1986, no writ); where the response was three months late and the motion to extend time to answer was not filed until five months later, *Texas Employers' Ins. Ass'n v. Bragg,* 670 S.W.2d 712, 715 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); and where the requests were not answered and the party did not ask for more time until the day before trial, which was some eleven months after the requests had been sent, *Trevino v. Central Freight Lines, Inc.,* 613 S.W.2d 356, 359 (Tex.Civ. App.—Waco 1981, no writ). We note, however, that the foregoing cases were decided before the effective date of the 1988 Rule 169 revision, which added the "good cause" language. *Halton,* 792 S.W.2d at 465.

■ The Chambers mailed their requests March 7. The answers were due April 9 but were filed April 23, about two weeks late. Tex.R.Civ.P. 21a; *Cudd,* 867 S.W.2d at 102–03. The uncontroverted evidence shows that Halsell did not timely file the request because his secretary quit, because he did not realize the requests were to be sent to both National and Credit, and because he dictated a cover letter around March 18 but did not sign it until March 26. The evidence also shows that Halsell's office tried unsuccessfully, to change the date for the hearing on the summary judgment motion and the motion to withdraw the deemed admissions. As for the client's actions, in-house counsel VanVorous said she was out of the office on personal business until April 8 but upon returning did not swear to the answers until April 19, some ten days late. The attorneys' actions may well constitute negligence. The uncontroverted evidence shows, however, that the attorneys' failure to file was not intentional or in conscious disregard of the parties' obligation to answer the requests. Halsell stated, without contradiction, that when he learned of his error on April 23, he filed the answers the same day. The only harm done to the Chambers is to require them to prove their case, something they were presumably already preparing to do. The two-week delay would not have been onerous enough to prejudice their case. The trial court abused its discretion when it failed to allow National and Credit to withdraw their answers.

In their second points of error, National and Credit argue that the trial court erred in granting the Chambers' partial summary judgment motion because the Chambers' proof relied on the deemed admissions. Without the deemed admissions, the appellants argue, the Chambers have failed to prove their case conclusively.

As part of their summary judgment proof, the Chambers offered the following, which National and Credit were deemed to have admitted:

*REQUEST NO. 1:* Admit that on or about April 7, 1994, Defendants sold to the Plaintiffs one 1992 Toyota Corolla bearing VIN INXAE945N2273217.

*REQUEST NO. 2:* Admit that Defendants represented to the Plaintiffs that the vehicle was in good condition and would be a dependable vehicle.

*REQUEST NO. 3:* Admit that the vehicle had in fact been wrecked prior to sale.

*REQUEST NO. 4:* Admit that the the [sic] damages to the vehicle are unrepairable.

*REQUEST NO. 5:* Admit that at the time of the sale, the Defendants knew the vehicle had been wrecked and was unrepairable.

*REQUEST NO. 6:* Admit that the Defendants failed to disclose material facts which were known to the Defendant [sic] at the time of the transaction.

*REQUEST NO. 7:* Admit that the failure to disclose and the misrepresentations were done for the purpose of inducing Plaintiffs to enter into the agreement to purchase the vehicle.

*REQUEST NO. 8:* Admit that Defendants were given notice in writing of the claims made in this petition, including a statement of Plaintiffs' actual damages and attorney's fees to the date of such notice, more than 60 days before this suit was filed in the manner and form request by DTPA § 17.505(a).

In its answers that it wished to substitute, Credit admitted requests Nos. 1, 2, and 8; said the answer to No. 3 was unknown; and denied Nos. 4, 5, 6, and 7. National denied all but No. 3, in which it admitted that the vehicle had been in an auto accident but denied it had been wrecked.

■ In a summary judgment proceeding, the Chambers at trial and on appeal must show that no genuine issue of material fact exists and that they are entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985). National and Credit failed to file a summary judgment response. On appeal, therefore, they may argue only that the Chambers presented no evidence to support their motion. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

■ The Chambers moved for summary judgment on DTPA and common law fraud. Among the deemed admissions were admissions that the defendants knew the car had been wrecked, that the defendants failed to disclose material facts about which the defendants knew at the time of sale, and that the defendants failed to disclose the information to induce the Chambers into the sale. Without the deemed admissions, the Chambers

offered no evidence of these elements and thus failed to show that there was no disputed fact issue and failed to prove they were entitled to judgment as a matter of law. Moreover, some of the requests for admissions resemble either questions of law or mixed questions of law and fact. Requestors may not compel parties to answer legal conclusions, *see Gore v. Cunningham,* 297 S.W.2d 287, 291 (Tex.Civ.App.—Beaumont 1956, writ ref'd n.r.e.); *White v. Watkins,* 385 S.W.2d 267, 269 (Tex.Civ.App.—Waco 1964, no writ), and such conclusions do not bind the court, *Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries,* 844 S.W.2d 857, 858–59 (Tex.App.—Texarkana 1992, writ denied).

We therefore sustain the appellants' two points of error, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.