Opinion issued January 12, 2006














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00336-CV
____________
 
ROSS BOULET, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 215th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2004-47295
 

 
 
O P I N I O N
          Appellant, Ross Boulet, challenges the trial court’s rendition of summary
judgment in favor of appellee, the State of Texas, in a civil forfeiture action resulting
in the seizure of his 2003 Chevrolet pickup truck. In two issues, appellant contends
that the trial court erred in not permitting him to withdraw deemed admissions and
in granting the State’s summary judgment motion. 
          We reverse and remand.
Factual and Procedural Background
          On August 27, 2004, the State filed a notice of seizure and intended forfeiture
with respect to appellant’s pickup truck. The State alleged that the truck was
“contraband” under the Texas Code of Criminal Procedure and subject to forfeiture.


 
          In support of its notice of seizure, the State attached a sworn affidavit by Greg
Bartlett, a sergeant with the Bellaire Police Department. Bartlett stated that on
August 6, 2004, Bellaire Police Officer T. Fibich attempted to stop appellant, who
was driving the truck, for exceeding the posted speed limit. Bartlett explained that
appellant “ignored Bellaire officers in fully marked police patrol units with audible
sirens, and exterior emergency lights in operation” and “traveled several blocks and
stopped on the street in front of his home.” Bartlett arrested appellant for the felony
offense of evading arrest


 and seized appellant’s truck. In the notice of seizure,
Bartlett stated that he believed the truck “constitut[ed] the proceeds of a felony
offense and [was] contraband as defined by Chapter 59 of the Code of Criminal
Procedure.”


 
          Appellant filed his original answer on October 15, 2004, entering a general
denial to the matters pleaded by the State. A trial setting was entered for April 18,
2005. On December 17, the State served appellant with requests for admissions. The
requests were signed for and received at the office of appellant’s attorney on
December 20, 2004. On January 20, 2005, at 6:24 p.m., appellant hand-delivered to
the State his responses to the State’s requests.  
          On February 16, 2005, the State filed a summary judgment motion asserting
that appellant’s responses to the requests for admissions were not timely filed. The
State argued that it was entitled to summary judgment because the late-filed responses
were deemed admitted by operation of law against appellant and there was no longer
any genuine issue of material fact.


 Appellant filed a motion to strike, amend, or
withdraw deemed admissions and a response to the State’s summary judgment
motion. 
          On March 21, 2005, the trial court held a hearing on the State’s summary
judgment motion at which appellant argued that the deemed admissions should be
allowed to be withdrawn because “the uncontroverted facts established good cause”
for his untimely response to the State’s requests for admissions and the State “could
not have been prejudiced by [the late filing].” At the hearing, appellant produced
affidavits from Dan Cogdell, James Ardoin, Rosi Nunez, and Robert Swofford.
          Cogdell, an attorney, testified that his law office received a copy of the State’s
summary judgment motion on February 17, 2005. Although the deemed admissions
formed the basis for the State’s motion, Cogdell explained that this was the first
notice he had that the answers to the State’s requests for admissions were not served
in a timely manner.
          Ardoin, a newly licensed attorney working at Cogdell’s office, testified that on
December 20, 2004, he signed the return receipt card for the certified mail containing
the State’s requests for admissions and other discovery requests. Ardoin then placed
the mail on the desk of Nunez, Cogdell’s secretary. 
           Nunez testified that it was not until the next day, December 21, that she found
the mail at her desk. Nunez stamped the mail and the State’s cover letter as being
received that day. As a result of this date stamp, Swofford, the attorney responsible
for discovery, erroneously calendared the discovery as due on January 20, 2005. 
          Swofford testified that on January 20, 2005, he personally hand-delivered the
responses to the requests for admissions to the State. Swofford explained that “the
file stamped copy” showed that the delivery was made “at 6:24 [p.m.]”
          Throughout the hearing, the trial court indicated that it felt constrained in its
discretion. Initially, after appellant’s counsel presented the affidavits and explained
the error in calendering, the trial court commented, “[b]ut the problem is that the Rule
[regarding deemed admissions] is pretty much set in concrete.” The trial court
explained that it believed the Texas Supreme Court had “backed off some . . .
language about lawyers just missing the date, because it was [sic] calendered right”
and stated: 
[T]he reality is, I can probably set aside the deemed admissions and not
abuse my discretion. Then I’m at the point, who am I mistreating and
why am I mistreating them. The plaintiff is entitled to rely on the Rules
of Pretrial Discovery. I mistreat them when I set aside deemed
Admissions without what now is considered by the Supreme Court to be
good cause. I want to – miss [sic] calendering, what I understand the
Supreme Court now says is not good cause.
          The trial court asked appellant’s counsel to present another ground to withdraw
the admissions “other than an error in calendering.” Appellant’s then stated that he
had believed that the State was not going to proceed with the forfeiture because the
underlying criminal charge for the offense of felony evading arrest had been reduced
by the State and appellant had pleaded guilty to a misdemeanor. Ultimately, the trial
court ruled, “I have no choice, but to deny your Motion.”
          After the trial court denied appellant’s motion to withdraw the deemed
admissions, appellant argued that summary judgment was still improper as the State
had moved to reduce the charge to a misdemeanor and a fact issue existed as to
whether the conduct of appellant was such that the truck would be subject to
forfeiture. The State countered that through the deemed admissions, “we have
established the elements that we’re required to prove.” Ultimately, the trial court
stated that appellant could not contradict the deemed admissions and granted
summary judgment in favor of the State. 
Deemed Admissions
          Appellant argues that the trial court abused its discretion in denying his motion
to withdraw the deemed admissions as he missed the deadline for responding to the
requests for admissions because of a calendering error. 
          Once an action is filed, a party can serve written requests for admissions. Tex.
R. Civ. P. 198.1. When a party does not serve responses to requests for admissions
within thirty days, the matters in the requests are deemed admitted against that party. 
Tex. R. Civ. P. 198.2; Wal-Mart Stores, Inc., v. Deggs, 968 S.W.2d 354, 355 (Tex.
1998). Any matter admitted is conclusively established unless the court, on motion,
permits withdrawal or amendment of the admission. Tex. R. Civ. P. 198.3; Marshall
v. Vise, 767 S.W.2d 699, 700 (Tex. 1989). Withdrawal or amendment of an
admission is permitted on a showing of good cause and a finding by the trial court
that (1) the party relying on the deemed admission will not be unduly prejudiced, and
(2) presentation of the merits of the action will be served thereby. Tex. R. Civ. P.
198.3; Deggs, 968 S.W.2d at 356. “Good cause is established by showing that the
failure involved was an accident or mistake, not intentional or the result of conscious
indifference.” Wheeler v. Green, 157 S.W.3d 439, 442 (Tex. 2005). “Even a slight
excuse will suffice, especially when delay or prejudice to the opposing party will not
result.” Spiecker v. Petroff, 971 S.W.2d 536, 538 (Tex. App.—Dallas 1997, no writ);
N. River Ins. Co. of N. J. v. Greene, 824 S.W.2d 697, 700 (Tex. App.—El Paso 1992,
writ denied). The party seeking withdrawal of deemed admissions has the burden to
establish good cause. Webb v. Ray, 944 S.W.2d 458, 461 (Tex. App.—Dallas 1997,
no writ). “Undue prejudice depends on whether withdrawing an admission or filing
a late response will delay trial or significantly hamper the opposing party’s ability to
prepare for it.” Wheeler, 157 S.W.3d at 443. Furthermore, the supreme court has
explained that “presentation of the merits will suffer (1) if the requesting party cannot
prepare for trial, and also (2) if the requestor can prepare but the case is decided on
deemed (but perhaps untrue) facts anyway.” Id. at 443 n.2. 
          An appellate court will not set aside a trial court’s ruling to permit or deny the
withdrawal of deemed admissions unless it finds an abuse of discretion. Stelly v.
Papania, 927 S.W.2d 620, 622 (Tex. 1996). Although the trial court has broad
discretion to permit or deny the withdrawal of deemed admissions, it cannot do so
arbitrarily, unreasonably, or without reference to guiding rules or principles. 
Wheeler, 157 S.W.3d at 444. With respect to discovery violations, the supreme court
has made clear that “absent flagrant bad faith or callous disregard for the rules, due
process bars merits-preclusive sanctions.” Id. 
          In this case, it appears that the trial court assumed that a calendering error
would not constitute “good cause” under recent precedent. But, as previously noted,
good cause is established by showing that the failure involved was an accident or
mistake, not intentional or the result of conscious indifference. Wheeler, 157 S.W.3d
at 442 (citing Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687–88
(Tex. 2002)). While the Wheeler court did recognize that, in some circumstances, a
higher standard to show good cause might apply for attorneys as opposed to pro se
parties,


 this particular discussion involved knowledge of the rules of procedure, and
not the specific type of error committed. See id. at 444. The court explained that the
rule “turns on an actor’s state of mind.” Id. Despite the trial court’s statements
regarding mis-calendering, a showing of clerical error has been held sufficient to
establish good cause for a failure to timely respond to a request for admission, even
if a party is negligent, as long as the party’s negligence does not rise to the level of
conscious indifference. N. River Ins. Co. of N.J., 824 S.W.2d at 700; see also
Spiecker, 971 S.W.2d 536, 540–42; Burden v. John Watson Landscape Illumination,
Inc., 896 S.W.2d 253, 255–56 (Tex. App.—Eastland 1995, writ denied). 
          Here, the record reflects that appellant presented evidence at the motion to
withdraw hearing that a mistake or accident in his attorney’s office caused his
responses to the State’s requests for admissions to be calendered as due one day after
the actual deadline. Furthermore, his attorney’s personal hand-delivery of the
responses on the day of the perceived deadline demonstrates that the failure to timely
respond was not intentional or the result of conscious indifference.
          The State made no suggestion in the trial court and makes none in their briefing
on appeal as to how it might be prejudiced in any way by the withdrawal of the
deemed admissions. The responses in question were hand-delivered to the State
within two days of the discovery deadline and three months before the first trial
setting. At least by virtue of appellant’s general denial in his original answer, the
State had already been put on notice that appellant disputed the forfeiture of his truck
under Chapter 59. “The mere fact that a trial on the merits is necessary does not
constitute undue prejudice.” City of Houston v. Riner, 896 S.W.2d 317, 320 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). 
          We note that the primary purpose of requests for admission is to simplify trials
by eliminating matters about which there is no real controversy. Peralta v. Durham,
133 S.W.3d 339, 341 (Tex. App.— Dallas 2004, no pet.); see also Stelly, 927 S.W.2d
at 622. The rule regarding requests for admissions does not contemplate or authorize
admissions to questions involving points of law. Gore v. Cunningham, 297 S.W.2d
287, 291 (Tex. Civ. App.—Beaumont 1956, writ ref’d n.r.e.); see also White v.
Watkins, 385 S.W.2d 267, 269 (Tex. Civ. App.—Waco 1964, no writ)
(“[C]onclusions, opinions, and statements of subjective intent . . . should not be
deemed admitted facts.”). Furthermore, this Court has previously held that responses
to requests for admissions merely constituting admissions of law are not binding on
the court and a party is not precluded from proving a fact necessary to its cause or
defense. Am. Title Co. v. Smith, 445 S.W.2d 807, 809–10 (Tex. Civ. App.—Houston
[1st Dist.] 1969, no writ); see also Fort Bend Cent. Appraisal Dist. v. Hines
Wholesale Nurseries, 844 S.W.2d 857, 858–59 (Tex. App.—Texarkana 1992, writ
denied) (“A deemed admission of a purely legal issue is of no effect.”). 
          Here, the admissions relied upon by the State in its summary judgment motion
embrace the fundamental legal issues to be tried in the forfeiture procedure, namely,
whether appellant’s truck was “intended to further the commission of a felony
offense,” whether the truck “was contraband,” and whether the truck was “acquired
through unlawful means.” When a party uses deemed admissions to try to preclude
presentation of the merits, constitutional due-process concerns arise. See
TransAmerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917–918 (Tex. 1991). 
Thus, the rule regarding deemed admissions “should not be so construed as to give
one litigant an advantage over his opponent, permitting him to have judgment without
supporting testimony when, without injustice to either party, the case can be opened
for a full hearing on the evidence.” Gordon v. Williams, 164 S.W.2d 867, 868 (Tex.
Civ. App.—Beaumont 1942, no writ). 
          We re-emphasize the supreme court’s recent statement on discovery violations
that “for all . . . forms of discovery, absent flagrant bad faith or callous disregard for
the rules, due process bars merits-preclusive sanctions.” Wheeler, 157 S.W.3d at 444. 
This is the case where, “without injustice to either party, the case can be opened for
a full hearing on the evidence.” Gordon, 164 S.W.2d at 868. Appellant showed good
cause for the withdrawal of the deemed admissions, the State will not suffer undue
prejudice, and the presentation of the merits will be served by their withdrawal. 
          “A trial court has no ‘discretion’ in determining what the law is or applying the
law to the facts.” Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). “Therefore,
a failure by the trial court to analyze or apply the law correctly . . . constitutes an
abuse of discretion.” Gonzalez v. Reliant Energy, Inc., 159 S.W.3d 615, 624 (Tex.
2005) (citing In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003)).
          Accordingly, we hold that the trial court abused its discretion in denying
appellant’s motion to withdraw the deemed admissions. 
          We sustain appellant’s first point of error.Summary Judgment
          In his second point of error, appellant contends that the trial court erred in
granting the State’s summary judgment motion based on the deemed admissions. 
Having held that the trial court abused its discretion in denying appellant’s motion
to withdraw the deemed admissions, we further hold that the trial court erred in
granting the State’s summary judgment motion. 
          We sustain appellant’s second point of error. Conclusion
          We reverse the judgment of the trial court and remand for further proceedings
consistent with this opinion.
 

 
     Terry Jennings
     Justice

Panel consists of Justices Nuchia, Jennings, and Higley