IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00366-CV

 

In the
Interest of T.S.C., a Child,

                                                                                    

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 04-00-13043-CV

 



MEMORANDUM  Opinion



 

      Appellant
Scott R. Brezo appeals the trial court’s termination of his parental rights to
his daughter, T.S.C.  We will affirm.

Background

      Brezo was arrested in Colorado approximately
seven months after the birth of T.S.C.  Following his arrest, Appellee Amanda
Cassady Rollins and T.S.C. moved to Texas to live with Rollins’s parents, Carl
and Sharon Cassady.  On January 27, 2004, the Cassadys filed an Original
Petition in Suit Affecting the Parent-Child Relationship in which they sought
joint managing conservatorship with Brezo.[1]

      Prior to the temporary orders hearing, Brezo
was convicted of solicitation of a minor for sexual contact.  While on
probation, he attended the hearing at which the trial court appointed the
Cassadys, Rollins, and Brezo as joint managing conservators.  Brezo also
attended supervised visitation with T.S.C., as authorized by the temporary
orders.  He then returned to Colorado where he violated a condition of his
probation and was incarcerated in June 2005.

      In November 2005, Rollins and the Cassadys
filed their First Amended Petition in Suit Affecting the Parent-Child
Relationship and Petition to Terminate Parent-Child Relationship.  The trial
court granted the petition to terminate Brezo’s parental rights.

Grounds for Termination

      In his first issue, Brezo argues that the
trial court erred in terminating his rights on a ground not pled in the
petition for termination.  His second issue complains that there is no evidence
to support this unpled ground of termination.

      As grounds for termination, the petition
alleged that Brezo had:  (1) engaged in conduct or knowingly placed the child
with persons who engaged in conduct that endangers the physical or emotional
well-being of the child; (2) been convicted, placed on six years ISP Probation
for Sex Offenders on July 13, 2004 in the First Judicial District of the State
of Colorado, and subsequently violated a condition of probation and was sentenced
to 5 years in the Colorado Department of Corrections; and (3) knowingly engaged
in criminal conduct that has resulted in his conviction of an offense and
confinement or imprisonment and inability to care for the child for not less
than two years.  However, the trial court terminated Brezo’s parental rights
after finding by clear and convincing evidence that he:  (1) failed to support
the child in accordance with his ability during a period of one year ending
within six months of the date of the filing of the petition; and (2) knowingly
engaged in criminal conduct that has resulted in his conviction of an offense
and confinement or imprisonment and inability to care for the child for not
less than two years from the date the petition was filed.

      We agree with Brezo that the judgment cannot
be supported on the unpled ground that he failed to support T.S.C.  See In
the Interest of S.R.M., 601 S.W.2d 766, 769 (Tex. Civ. App.—Amarillo 1980,
no writ); Tex. Fam. Code Ann. §
161.101 (Vernon 2002).  However, if multiple grounds for termination were found
in the trial court, we will affirm based on any one ground because only one
predicate violation under section 161.001(1) is necessary to a termination
judgment.  In re T.N.F., 205 S.W.3d 625, 629 (Tex. App.—Waco 2006, pet.
denied).  Brezo does not challenge
the remaining ground of termination, which was pled in the petition.  As one ground
is sufficient to support the judgment for termination, we overrule Brezo’s
first and second issues.

Ineffective Assistance of Counsel

      In his third issue, Brezo contends that his
trial counsel was ineffective because he failed to object to hearsay testimony,
which provided the only evidence in support of termination.

      Indigent persons have a statutory right to
counsel in parental-rights termination cases.  Tex. Fam. Code Ann. § 107.013(a)(1) (Vernon Supp. 2006).  The
Texas Supreme Court has held that this right includes the right to effective
counsel.  In re M.S., 115 S.W.3d 534, 544 (Tex. 2003).  In analyzing the
effectiveness of counsel in a parental-rights termination case, we follow a
two-pronged standard set forth by the United States Supreme Court in Strickland
v. Washington to determine whether an attorney’s representation was so
inadequate as to violate the right to effective assistance of counsel.  Id. at 545 (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984)).  To show ineffectiveness of counsel in a termination case,
the appellant must show (1) that counsel’s assistance fell below an objective
standard of reasonableness and (2) that counsel’s deficient assistance, if any,
prejudiced the parent.  Id. (citing Strickland, 466 U.S. at 687, 104 S.Ct. at 2064).

      Strickland’s
“record” requirement also applies to ineffective-assistance claims in
termination cases:  “An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.”  In re S.R.C., 2003 WL 22966325 at *2 (Tex. App.—Fort Worth Dec. 18, 2003, no pet.) (mem. op.) (citing Thompson v. State, 9
S.W.3d 808, 814 (Tex. Crim. App. 1999)).  In a parental-rights
termination case where the parent asserts on appeal the ineffective assistance
of trial counsel, but nothing in the record indicates trial counsel’s reasons
or strategies for the complained-of conduct, the lack of a record is
practically always fatal to the parent’s appellate issue under current Texas law. 


      Texas Family Code section 161.001(1)(Q)
provides that a trial court may order termination of the parent-child
relationship if the court finds by clear and convincing evidence that the
parent knowingly engaged in criminal conduct that has resulted in the parent’s
(i) conviction of an offense; and (ii) confinement or imprisonment and
inability to care for the child for not less than two years from the date of
filing the petition.  Tex. Fam. Code Ann.
§ 161.001(1)(Q) (Vernon Supp. 2006).  Following his probation violation, Brezo
was confined in June 2005, and the petition for termination was filed on
November 1, 2005.  At the time of trial, Brezo had been incarcerated for
fourteen months.  He complains that Rollin’s hearsay statement concerning the
length of his sentence was the only evidence that he would remain incarcerated
for ten additional months and would not be able to care for T.S.C.

      Nothing in the record reflects trial
counsel’s strategy for failing to object to this testimony.  Without a record that
reveals the reasons for the challenged conduct of Brezo’s trial counsel, we
cannot speculate whether his counsel was effective.  Accordingly, we overrule his
third issue.

Conclusion

      Having
overruled Brezo’s three issues, we affirm the judgment of the trial court.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed May 2, 2007

[CV06]

 









        [1]       The
Original Petition alleged that Ms. Rollins relinquished custody of the child.








pellees’ counsel.  The certificate of service on Smith’s
responses indicates service in this fashion.  However, Appellees’ counsel
advised the court that he had never received the responses.  At the hearing on
Smith’s motion for new trial, Smith’s counsel explained that his secretary had
inadvertently faxed the responses to only Fowler’s counsel.  The responses were
sent to Appellees’ counsel on April 7.

          A showing of clerical error has been
held sufficient to establish good cause for a failure to timely respond to a
request for admissions.  See Spiecker, 971 S.W.2d at 540-42; Burden
v. John Watson Landscape Illumination, Inc., 896 S.W.2d 253, 255-56 (Tex.
App.—Eastland 1995, writ denied).  Clerical error is the reason for Smith’s
failure to timely respond.  Thus, Smith established good cause for his failure
to timely respond.

          Regarding undue prejudice, Appellees
made no suggestion in the trial court and make none in their brief as to how
they may be prejudiced by the withdrawal of the deemed admissions.  “The mere
fact that a trial on the merits is necessary does not constitute undue
prejudice.”  City of Houston v. Riner, 896 S.W.2d 317, 320 (Tex. App.—Houston [1st Dist.] 1995, writ denied); accord Spiecker, 971 S.W.2d at 542
(a litigant should not be permitted to use deemed admissions “to have judgment
without supporting testimony when the case can be tried on the merits”).

          As the Supreme Court recently stated,
the “presentation of the merits will suffer . . . if [Appellees] can prepare
but the case is decided on deemed (but perhaps untrue) facts anyway.”  Wheeler,
157 S.W.3d at 443 n.2; accord Kellogg-Brown & Root, 45 S.W.3d at
777; Burden, 896 S.W.2d at 256; Employers Ins. Of Wausau v. Halton,
792 S.W.2d 462, 467 (Tex. App.—Dallas 1990, writ denied).

          Smith showed good cause for the
withdrawal of the deemed admissions.  Appellees will not suffer undue prejudice
from their withdrawal, and the presentation of the merits will be subserved by
their withdrawal.  Accordingly, the court abused its discretion by failing to
permit the withdrawal of the deemed admissions.  Thus, we sustain Smith’s fifth
issue.

Conclusion

We do not reach Smith’s first, second, third, and
fourth issues.  Because Fowler did not appeal, we do not disturb the judgment against
him.  See Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450-51 (Tex. 1998) (per curiam); Builders Transport, Inc. v. Grice-Smith, 167 S.W.3d 1, 15
(Tex. App.—Waco 2005, pet. filed).  We reverse the judgment against Smith both
individually and dba B & B Joint Venture and remand this cause to the trial
court for further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Reversed and remanded

Opinion delivered and
filed October 12, 2005

[CV06]









[1]
          Fowler did not perfect an
appeal.





[2]
          According to the clerk’s record
however, no such motion was on file at that time.