COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-040-CV
 
 
MELCHOR 
GALINDO                                                              APPELLANT
  
V.
  
IMPERIAL 
GROUP, L.P. A/K/A                                                  APPELLEES
TRANSPORTATION 
TECHNOLOGIES
INDUSTRIES, 
IMPERIAL FABRICATING,
INC., 
AND IMPERIAL FABRICATION
 
  
------------
 
FROM 
THE 271ST DISTRICT COURT OF WISE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Melchor Galindo filed this wrongful termination suit against Appellees Imperial 
Group, L.P. a/k/a Transportation Technologies Industries, Imperial Fabricating, 
Inc., and Imperial Fabrication (Imperial). Imperial filed a combined no-evidence 
and traditional motion for summary judgment. The second scheduling conference 
was set for the same time and date as the motion for summary judgment hearing, 
but due to an oversight, Galindo’s counsel failed to calendar the motion for 
summary judgment hearing and failed to respond to the motion. At the hearing on 
the motion for summary judgment, Galindo orally requested leave to file a late 
response. The trial court denied his motion and granted Imperial’s motion for 
summary judgment. Galindo now appeals. Because we hold that the trial court 
abused its discretion by denying Galindo’s motion for leave to file a late 
response, we reverse and remand.
        While 
working for Imperial as a press operator, Galindo injured his back. Galindo’s 
treating physician restricted his occupational lifting to a maximum of five 
pounds. Imperial did not have a position meeting those restrictions, so it 
placed Galindo on workers’ compensation leave, and he began receiving 
temporary benefits. Two months after Galindo had back surgery, Imperial informed 
his physician that if he was allowed to lift up to twenty pounds, it had a 
position for him, and he could return to work. With his physician’s approval, 
Galindo accepted the twenty-pound-restriction job. Approximately four days after 
returning to work, Galindo was laid off; at the same time, his workers’ 
compensation benefits were suspended. Imperial reinstated his temporary benefits 
for the next seven months. At the end of this period, he reached the maximum 
medical improvement and was considered permanently medically retired. Imperial 
treated this event as a termination of employment and sent Galindo a COBRA 
notification.
        Following 
the lay-off, Galindo filed suit against Imperial for wrongful termination. 
Imperial answered and then filed a combined no-evidence and traditional motion 
for summary judgment asserting that Galindo’s layoff resulted from a general 
reduction in the company’s workforce and that there was no evidence that 
Galindo was discharged or discriminated against because he instituted a 
workers’ compensation proceeding. Galindo failed to respond to the motion.
        The 
hearing on the motion for summary judgment was scheduled for 9:00 a.m., the same 
time and date of the previously scheduled second scheduling conference. While 
reviewing his file on the morning of the hearing, Galindo’s counsel realized 
that the hearing was on the motion for summary judgment and not the second 
scheduling conference. At the hearing, Galindo’s counsel orally requested 
leave to file a late response, offering his explanation of the calendaring error 
that occurred causing his failure to respond. The trial court denied leave to 
file the late response and granted the motion for summary judgment.
        Galindo 
now brings five issues on appeal. In three issues, Galindo argues that the trial 
court erred by granting Imperial’s motion for summary judgment. In his fourth 
issue, Galindo argues that the trial court erred by denying his oral motion for 
continuance. Finally, in his fifth issue, Galindo argues that the trial court 
erred by denying his motion for leave to file a late response to Imperial’s 
motion for summary judgment. Galindo’s fifth issue is dispositive of his 
appeal.
        We 
review a trial court’s ruling on a motion for leave to file a late summary 
judgment response for an abuse of discretion.[2]   
A trial court abuses its discretion when it acts without reference to any 
guiding rules or principles.[3]
        A 
motion for leave to file a late summary judgment response should be granted when 
a litigant establishes (1) good cause and (2) no undue prejudice.[4]  Good cause is established by showing that the 
failure involved was an accident or mistake, not intentional or the result of 
conscious indifference.[5]  In Carpenter v. 
Cimarron Hydrocarbons Corp., the Texas Supreme Court adopted this “good 
cause” standard, the same standard governing the withdrawal of admissions, 
reasoning that the consequences to a party that inadvertently fails to timely 
respond to a motion for summary judgment are often similar to those faced by a 
party that would otherwise be bound by erroneous or deemed admissions.[6] Furthermore, a clerical error can constitute good cause 
even though a party may have been negligent if the party’s negligence does not 
rise to the level of conscious indifference.[7]
        Courts 
have held that good cause was established when the failure to respond to a 
request for admissions resulted from an inadvertent calendar diary error and 
counsel immediately advised opposing counsel of the oversight and requested an 
extension,[8] and when responses were fifty-five days 
late but counsel was diligent in filing answers immediately after the missed 
deadline came to his attention.[9]  An appellate 
court also recognized that loss of an employee or heavy caseload might, in 
fairness, justify a short delay by counsel in responding because these 
difficulties are an inexorable reality of the practice of law.[10]
        In 
Carpenter, the court noted that Cimarron’s counsel recognized that he 
had miscalendared the response due date two days before the hearing.[11]  Although Cimarron filed a motion for continuance 
and a motion to file a late response, the court noted that Cimarron‘s motion 
did not offer any explanation for its failure to timely respond, nor was the 
motion accompanied by any supporting affidavits or other evidence.[12]   The only argument in Cimarron’s motion was 
that Carpenter would suffer no prejudice if its late filing were permitted.[13]  The court further noted that at the hearing, 
Cimarron’s counsel merely “argued” that the response due date had been 
miscalendared; he offered no explanation of the error from which the trial court 
might determine that an accident or mistake had occurred.[14]   
The court pointed out that although Cimarron discovered that the filing deadline 
had passed two days before the hearing, it was not until after the hearing that 
Cimarron investigated and learned the sequence of events that caused it to miss 
the filing deadline.[15]   Therefore, the 
court held that the trial court did not abuse its discretion by “denying leave 
based upon counsel’s bare assertion that he had ‘miscalendared’ the 
summary-judgment hearing.”[16]
        In 
this case, the record reflects that Galindo’s counsel presented evidence at 
the hearing that his failure to respond was an oversight, a clerical error, and 
a mistake.  At the outset of the hearing, Galindo’s attorney offered to 
be sworn and the trial court stated on the record, “There is no necessity for 
that.  When you are admitted to the Bar, you’re sworn to make truthful 
representations to the Court, so I don’t swear lawyers.”  Galindo’s 
attorney then explained that although he did receive notice of the motion for 
summary judgment hearing, the hearing did not get calendared, an oversight on 
his part.  He stated that he did not realize until that morning that the 
hearing was on the motion for summary judgment rather than the previously set 
scheduling conference.  As he was getting his file together for the 
scheduling hearing, he realized that the scheduling hearing had been changed to 
a hearing on Imperial’s motion for summary judgment.
        With 
no time to prepare a written motion for leave to file a late response, Galindo 
presented, at the beginning of the hearing, an oral motion for leave to file his 
response two days later.  Galindo’s counsel explained to the trial court 
that he had lost two attorneys and two paralegals in the past six months and had 
hired and been training new staff.  He also explained the process by which 
hearings are calendared in his office.  Because of the employee turnover, 
he explained, there was an oversight, and the deadline did not get 
calendared.  He further explained that he was not certain how the error 
occurred, other than the notice got commingled with another piece of paper, and 
the date was overlooked.  Gilando’s counsel then apologized to the trial 
court.  He continued, stating that it was an accident on his part by not 
getting the deadline calendared and the response filed, and he assured the court 
that had the deadline been on the calendar, on any calendar, the response would 
have been filed.  Consequently, we hold that Galindo presented evidence of 
good cause.
        Furthermore, 
there is no evidence that granting leave to file the late response would have 
unduly delayed or otherwise prejudiced Imperial. Undue prejudice depends on 
whether filing the late response will delay trial or significantly hamper the 
opposing party’s ability to prepare for trial.[17]  
Galindo requested that the court allow him two days to prepare his 
response and that Imperial then have time to reply to his response.  
Furthermore, at the time of the motion, trial had not even been set.  The 
requested two days therefore would not delay trial or significantly hamper 
Imperial’s ability to prepare for trial.
        Consequently, 
we hold that the trial court abused its discretion by denying Galindo’s motion 
for leave to file a late response.  We sustain Galindo’s fifth 
issue.  Because of our disposition of this issue, we do not reach his 
remaining issues.[18]  We reverse and remand 
this case to the trial court for further proceedings.
  
   
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
  
  
  
PANEL 
B:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
 
DELIVERED: 
May 26, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Carpenter v. Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 686 (Tex. 2002).
3.  
Id. at 687.
4.  
Id. at 686; see Tex. R. Civ. 
P. 166a(c), (I).
5.  
Carpenter, 98 S.W.3d at 688.
6.  
Id. at 687.
7.  
N. River Ins. Co. of N.J. v. Greene, 824 S.W.2d 697, 700 (Tex. App.—El 
Paso 1992, writ denied).
8.  
Id. at 701.
9.  
Employers Ins. of Wausau v. Halton, 792 S.W.2d 462, 466 (Tex. 
App.—Dallas 1990, writ denied).
10.  
Eckman v. Centennial Sav. Bank, 757 S.W.2d 392, 396 (Tex. App.—Dallas 
1988, writ denied) (discussing good cause in failure to respond to discovery).
11.  
Carpenter, 98 S.W.3d at 688.
12.  
Id.
13.  
Id.
14.  
Id.
15.  
Id.
16.  
Id.
17.  
Wheeler v. Green, 157 S.W.3d 439, 443 (Tex. 2005).
18.  
See Tex. R. App. P. 47.1.