Melchor Galindo v. Imperial Group, L.P. a/k/a Transportation Technologies Industries, Imperial Fabricating, Inc., and Imperial Fabrication

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-040-CV

MELCHOR GALINDO APPELLANT

V.

IMPERIAL GROUP, L.P. A/K/A APPELLEES

TRANSPORTATION TECHNOLOGIES 

INDUSTRIES, IMPERIAL FABRICATING,

INC., AND IMPERIAL FABRICATION 

------------

FROM THE 271
ST
 DISTRICT COURT OF WISE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Melchor Galindo filed this wrongful termination suit against Appellees Imperial Group, L.P. a/k/a Transportation Technologies Industries, Imperial Fabricating, Inc., and Imperial Fabrication (Imperial).  Imperial filed a combined no-evidence and traditional motion for summary judgment.  The second scheduling conference was set for the same time and date as the motion for summary judgment hearing, but due to an oversight, Galindo’s counsel failed to calendar the motion for summary judgment hearing and failed to respond to the motion.  At the hearing on the motion for summary judgment, Galindo orally requested leave to file a late response.  The trial court denied his motion and granted Imperial’s motion for summary judgment.  Galindo now appeals.  Because we hold that the trial court abused its discretion by denying Galindo’s motion for leave to file a late response, we reverse and remand.

While working for Imperial as a press operator, Galindo injured his back.  Galindo’s treating physician restricted his occupational lifting to a maximum of five pounds.  Imperial did not have a position meeting those restrictions, so it placed Galindo on workers’ compensation leave, and he began receiving temporary benefits.  Two months after Galindo had back surgery, Imperial informed his physician that if he was allowed to lift up to twenty pounds, it had a position for him, and he could return to work.  With his physician’s approval, Galindo accepted the twenty-pound-restriction job.  Approximately four days after returning to work, Galindo was laid off; at the same time, his workers’ compensation benefits were suspended.  Imperial reinstated his temporary benefits for the next seven months.  At the end of this period, he reached the maximum medical improvement and was considered permanently medically retired.  Imperial treated this event as a termination of employment and sent Galindo a COBRA notification.

Following the lay-off, Galindo filed suit against Imperial for wrongful termination.  Imperial answered and then filed a combined no-evidence and traditional motion for summary judgment asserting that Galindo’s layoff resulted from a general reduction in the company’s workforce and that there was no evidence that Galindo was discharged or discriminated against because he instituted a workers’ compensation proceeding.  Galindo failed to respond to the motion.

The hearing on the motion for summary judgment was scheduled for 9:00 a.m., the same time and date of the previously scheduled second scheduling conference.  While reviewing his file on the morning of the hearing, Galindo’s counsel realized that the hearing was on the motion for summary judgment and not the second scheduling conference.  At the hearing, Galindo’s counsel orally requested leave to file a late response, offering his explanation of the calendaring error that occurred causing his failure to respond.  The trial court denied leave to file the late response and granted the motion for summary judgment.

Galindo now brings five issues on appeal.  In three issues, Galindo argues that the trial court erred by granting Imperial’s motion for summary judgment.  In his fourth issue, Galindo argues that the trial court erred by denying his oral motion for continuance.  Finally, in his fifth issue, Galindo argues that the trial court erred by denying his motion for leave to file a late response to Imperial’s motion for summary judgment.  Galindo’s fifth issue is dispositive of his appeal. We review a trial court’s ruling on a motion for leave to file a late summary judgment response for an abuse of discretion.
(footnote: 2)  A trial court abuses its discretion when it acts without reference to any guiding rules or principles.
(footnote: 3) 

A motion for leave to file a late summary judgment response should be granted when a litigant establishes (1) good cause and (2) no undue prejudice.
(footnote: 4)  Good cause is established by showing that the failure involved was an accident or mistake, not intentional or the result of conscious indifference.
(footnote: 5)  In 
Carpenter v. Cimarron Hydrocarbons Corp.
, the Texas Supreme Court adopted this “good cause” standard, the same standard governing the withdrawal of admissions, reasoning that the consequences to a party that inadvertently fails to timely respond to a motion for summary judgment are often similar to those faced by a party that would otherwise be bound by erroneous or deemed admissions.
(footnote: 6)  Furthermore, a clerical error can constitute good cause even though a party may have been negligent if the party’s negligence does not rise to the level of conscious indifference.
(footnote: 7)
 Courts have held that good cause was established when the failure to respond to a request for admissions resulted from an inadvertent calendar diary error and counsel immediately advised opposing counsel of the oversight and requested an extension,
(footnote: 8) and when responses were fifty-five days late but counsel was diligent in filing answers immediately after the missed deadline came to his attention.
(footnote: 9)  An appellate court also recognized that loss of an employee or heavy caseload might, in fairness, justify a short delay by counsel in responding because these difficulties are an inexorable reality of the practice of law.
(footnote: 10)
 In 
Carpenter
, the court noted that Cimarron’s counsel recognized that he had miscalendared the response due date two days before the hearing.
(footnote: 11)  Although Cimarron filed a motion for continuance and a motion to file a late response, the court noted that Cimarron‘s motion did not offer any explanation for its failure to timely respond, nor was the motion accompanied by any supporting affidavits or other evidence.
(footnote: 12)  The only argument in Cimarron’s motion was that Carpenter would suffer no prejudice if its late filing were permitted.
(footnote: 13)  The court further noted that at the hearing, Cimarron’s counsel merely “argued” that the response due date had been miscalendared; he offered no explanation of the error from which the trial court might determine that an accident or mistake had occurred.
(footnote: 14)  The court pointed out that although Cimarron discovered that the filing deadline had passed two days before the hearing, it was not until after the hearing that Cimarron investigated and learned the sequence of events that caused it to miss the filing deadline.
(footnote: 15)  Therefore, the court held that the trial court did not abuse its discretion by “denying leave based upon counsel’s bare assertion that he had ‘miscalendared’ the summary-judgment hearing.”
(footnote: 16)
 In this case, the record reflects that Galindo’s counsel presented evidence at the hearing that his failure to respond was an oversight, a clerical error, and a mistake.  At the outset of the hearing, Galindo’s attorney offered to be sworn and the trial court stated on the record, “There is no necessity for that.  When you are admitted to the Bar, you’re sworn to make truthful representations to the Court, so I don’t swear lawyers.”  Galindo’s attorney then explained that although he did receive notice of the motion for summary judgment hearing, the hearing did not get calendared, an oversight on his part.  He stated that he did not realize until that morning that the hearing was on the motion for summary judgment rather than the previously set scheduling conference.  As he was getting his file together for the scheduling hearing, he realized that the scheduling hearing had been changed to a hearing on Imperial’s motion for summary judgment.

With no time to prepare a written motion for leave to file a late response, Galindo presented, at the beginning of the hearing, an oral motion for leave to file his response two days later.  Galindo’s counsel explained to the trial court that he had lost two attorneys and two paralegals in the past six months and had hired and been training new staff.  He also explained the process by which hearings are calendared in his office.  Because of the employee turnover, he explained, there was an oversight, and the deadline did not get calendared.  He further explained that he was not certain how the error occurred, other than the notice got commingled with another piece of paper, and the date was overlooked.  Gilando’s counsel then apologized to the trial court.  He continued, stating that it was an accident on his part by not getting the deadline calendared and the response filed, and he assured the court that had the deadline been on the calendar, on any calendar, the response would have been filed.  Consequently, we hold that Galindo presented evidence of good cause.

Furthermore, there is no evidence that granting leave to file the late response would have unduly delayed or otherwise prejudiced Imperial.  Undue prejudice depends on whether filing the late response will delay trial or significantly hamper the opposing party’s ability to prepare for trial.
(footnote: 17)  Galindo requested that the court allow him 
two days 
to prepare his response and that Imperial then have time to reply to his response.  Furthermore, at the time of the motion, trial had not even been set.  The requested two days therefore would not delay trial or significantly hamper Imperial’s ability to prepare for trial.   Consequently, we hold that the trial court abused its discretion by denying Galindo’s motion for leave to file a late response.  We sustain Galindo’s fifth issue.  Because of our disposition of this issue, we do not reach his remaining issues.
(footnote: 18)  We reverse and remand this case to the trial court for further proceedings.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  May 26, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Carpenter v. Cimarron Hydrocarbons Corp.
, 98 S.W.3d 682, 686 (Tex. 2002).

3:
Id
. at 687.

4:
Id
. at 686; 
see
 
Tex. R. Civ. P.
 166a(c), (i).

5:
Carpenter
, 98 S.W.3d at 688.

6:
Id
. at 687.

7:
N. River Ins. Co. of N.J. v. Greene
, 824 S.W.2d 697, 700 (Tex. App.—El Paso 1992, writ denied).

8:
Id
. at 701.

9:
Employers Ins. of Wausau v. Halton
, 792 S.W.2d 462, 466 (Tex. App.—Dallas 1990, writ denied).

10:
Eckman v. Centennial Sav. Bank
, 757 S.W.2d 392, 396 (Tex. App.—Dallas 1988, writ denied) (discussing good cause in failure to respond to discovery).

11:
Carpenter
, 98 S.W.3d at 688.

12:
Id
.

13:
Id
.

14:
Id
.

15:
Id
.

16:
Id
.

17:
Wheeler v. Green
, 157 S.W.3d 439, 443 (Tex. 2005).

18:
See
 
Tex. R. App. P.
 47.1.